[No. 20342. Department One. March 30, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. LOUIS LOPEMAN, *Appellant*.[1]

[1] INDICTMENT AND INFORMATION (78)—ELECTION BETWEEN CHARGES. In a prosecution under the laws of 1925, page 168 [Rem. 1927 Supplement, § 2050] authorizing several charges against any person for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes which may be properly joined, it is not an abuse of discretion to refuse to require an election upon a charge of three offenses, robbery, grand larceny, and assault in the second degree, arising out of the same transaction.

[2] CRIMINAL LAW (440, 444)—SENTENCE—HARMLESS ERROR. In a prosecution under the laws of 1925, page 168, [Rem. 1927 Supplement, § 2050], authorizing several charges against any person for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes which may be properly joined, whether the act was invalid as an *ex post facto* law when applied to prior offenses in that it inflicts greater punishment than the law annexed to the crime when committed, will not be decided, where the court, on the lesser sentences, provided that the same should run concurrently, treating them as included crimes; since the error, if any, would be harmless.

Appeal from a judgment of the superior court for Yakima county, Hawkins, J., entered May 22, 1926, upon a trial and conviction of robbery, grand larceny and assault. Affirmed.

[1]Reported in 254 Pac. 454.

*O. R. Schumann* and *Nat. U. Brown,* for appellant.

*G. E. Clark* and *C. G. Walters,* for respondent.

FRENCH, J.—The appellant, Lopeman, was charged by information with three offenses, robbery, grand larceny, and assault in the second degree arising out of the same transaction. The charge was brought under chapter 109 of the Laws of 1925, p. 168, which reads as follows:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; and, if two or more indictments are found, or two or more informations filed, in such cases, the court may order such indictments or informations to be consolidated." [Rem. 1927 Sup., § 2059.]

These different offenses were set forth by separate counts in the information. The jury was properly instructed, returned a verdict of guilty on each of the three counts, and the defendant was sentenced on all three counts, the sentences to run concurrently.

[1] Appellant's first complaint is that the court erred in refusing to require the state to -elect upon which charge the trial should proceed.

"If the court has the right to require the election to be made, the exercise of the authority is a matter of discretion, and where it does not appear that the defendant sustained any injury by the ruling of the court in this respect it cannot be held erroneous." *People v. Shotwell,* 27 Cal. 394; Wharton's Criminal Proceedings, (10th Ed.) Vol. 1, p. 393; *Commonwealth v. Shutte,* 130 Pa. St. 272, 18 Atl. 635, 17 Am. St. 773.

[2] Appellant also contends that, since the offenses were committed prior to the date the law went into effect, the same is *ex post facto*. An *ex post facto* law is

". . . 1st every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was when committed. 3d. Every law that changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Calder v. Bull*, 3 Dall. 386, 1 U. S. (L. Ed.) 648; 6 R. C. L. 276.

It is the contention of appellant that this action comes under subdivision 3 of the definition above quoted.

It is not necessary for us to decide this question, because the lower court sentenced appellant to the state penitentiary for from five to fifteen years on the robbery count, and provided that the less severe sentences on the other counts should run concurrently, evidently treating them as included crimes. If, therefore, error was committed by the trial court it was harmless error.

On the third question raised by appellant, namely, the insufficiency of the evidence, an examination of the record discloses that there was substantial evidence introduced by the state and that the case was properly for the jury.

The judgment is therefore affirmed.

MACKINTOSH, C. J., FULLERTON, MITCHELL, and MAIN, JJ., concur.