[No. 20676.   Department Two.   November 30, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM McMAHON, *Appellant*.[1]

[1] INDICTMENT AND INFORMATION (72)—DUPLICITY—CHARGING DIFFERENT OFFENSES. Both under, and irrespective of, Rem. 1927 Sup., § 2059, authorizing the joinder of several charges growing out of the same transaction, it is proper to join a count for murder and a count for robbery, where the murder was committed while withdrawing from the scene of a robbery committed by accused immediately prior thereto.

[2] HOMICIDE (3½, 28)—MURDER—INDICTMENT AND INFORMATION—KILLING WHILE COMMITTING FELONY. Under our statutes making it murder in the first degree, where the killing was done while engaged in, or withdrawing from the scene of, a robbery, it is not necessary to charge a motive for the killing.

[3] CRIMINAL LAW (344, 444)—NEW TRIAL—ERRORS IN CONDUCT OF TRIAL—HARMLESS ERROR IN CONCURRENT SENTENCES. Where accused was convicted on two counts, properly joined, the punishment for the lesser offense, running concurrently with that for the greater offense, is not ground for a new trial thereon.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 6, 1926, upon a trial and conviction of murder. Affirmed.

*T. D. Page,* for appellant.

*Ewing D. Colvin,* for respondent.

HOLCOMB, J.—The motion by respondent to dismiss the appeal, made in its brief, is denied, as without merit.

Appellants and two others were charged, in the same information in two counts, with the crime of murder in the first degree and with the crime of robbery. A demurrer to the information, on the ground that there was a misjoinder of offenses, was overruled.

¹Reported in 261 Pac. 639.

A separate trial was granted appellant. He was found guilty on both counts and sentenced on the conviction of murder in the first degree to imprisonment for life in the state penitentiary, and on the second count of robbery to imprisonment for from twenty to fifty years in the state penitentiary, the last imprisonment to run concurrently with the first.

The evidence in the case, briefly summarized, shows that appellant, in company with three confederates, held up and robbed two messengers of the Brewster Cigar Company of a large sum of money, near the corner of Fourth avenue and Union street, in Seattle, King county, on April 1, 1926. The robbers went to the scene of the robbery in an automobile, one Richards acting as driver. On their arrival, Richards remained in the car at the steering wheel, while the others stepped to the sidewalk and committed the robbery; whereupon, the three boarded the automobile, with the booty, and started to flee from the scene. After driving a short distance, Richards, the driver, was shot and killed by a shot fired from a revolver, which an eye-witness testified was aimed at the right side of Richards near his right arm, by appellant; that no other shot was fired by anyone at that time.

Almost immediately after the shooting, the automobile in which the robbers were fleeing collided with a delivery wagon and stopped. The robbers then left the car and started to escape on foot. When the bandit car started, appellant was seen standing on the righthand running board of the bandit car, hanging on with his left hand, and flourishing a large black pistol with his right. He then got into the seat with Richards to his left. Appellant was identified by the messenger who was helping carry the money as the man who had held a large black pistol against his body

22—145 WASH.

and ordered him to drop the money, at the same time flourishing a large club in his left hand. When the witness dropped the money as ordered by appellant, one of the confederates of appellant picked it up and ran around the back end of the car in which the messengers had carried the money, to the car used by the bandits, in which Richards was sitting.

. Immediately after the collision of the bandit car with the delivery car, appellant jumped from the bandit car and started around the corner of Fourth avenue and Union street in an easterly direction. He was seen to drop the pistol or revolver upon the street when he started away, by a witness who picked up the gun and pursued appellant; but when appellant was arrested, another pistol or revolver was found on his person and taken from him, which he, as he testified, "gave notice had not been discharged." The bullet which caused the death of Richards was fired through his right arm and right side, passing through his body and almost cutting through the skin of the left side. It had pierced the heart and caused the death of Richards. There is evidence that the bullet which passed through the body of Richards and caused his death was of the same size and calibre as the bullets contained in the pistol which had been dropped on the street as appellant fled. There is, therefore, direct and positive evidence that Richards was shot by appellant while withdrawing from the scene of the robbery, without excuse or justification, which shot caused the death of Richards. The implication, therefore, in the argument and the brief of appellant that Richards might have been shot by a bystander or a stranger, is pure conjecture, with no circumstantial or factual support.

[1] The counts of murder in the first degree and of robbery were joined in one information under Laws of 1925 (Ex. Sess.), p. 168 (Rem. 1927 Sup., § 2059),

which appellant contends is an improper joinder, and did not justify the conviction of appellant of murder in the first degree under the first count, nor the conviction of robbery under the second count, under our decision in *State v. Brunn,* 144 Wash. 341, 258 Pac. 13.

That decision has been re-examined *En Banc,* and the Departmental decision overruled. In the last decision, *ante* p. 435, 260 Pac. 990, after carefully reviewing and considering the law of joinder of different offenses of the same character in one information or indictment under the statute above cited, it is held to be proper.

Even without that decision, upon which appellant largely relies, along with decisions from other jurisdictions, this court has held that different offenses growing out of the same transaction or connected therewith, particularly if capable of proof by the same evidence, can be joined in the same information by separate counts. *State v. Lopeman,* 143 Wash. 99, 254 Pac. 454; *State v. Dixon,* 143 Wash. 262, 255 Pac. 109; *State v. Beaman,* 143 Wash. 281, 255 Pac. 91.

In this state, therefore, regardless of the state of the law in other jurisdictions, it is now firmly settled that such counts as are here involved, under our statute, may be joined in the same information. Even though the former decision in *State v. Brunn* had stood as the law, the joinder of the counts in this information would be proper under the statute and under the other decisions above cited.

[2] The information in the case properly and sufficiently charged murder in the first degree, in that appellant, while unlawfully engaged in an attempt to commit and in comitting and in withdrawing from the scene of a robbery, then and there, without excuse or justification, unlawfully and feloniously did kill and murder Richards, then stating the manner in which

the homicide was committed. Whether or no any motive lay behind the killing of Richards is immaterial. That such constitutes murder in the first degree in this state, under our penal statutes, without other motive or design, has been settled by the decisions in *State v. Moretti,* 66 Wash. 537, 120 Pac. 102, and *State v. Landaker,* 138 Wash. 267, 244 Pac. 555.

[3] If the two offenses were properly joined in the information, as we have decided they were, it was not erroneous to try appellant for a joined offense, on either count or both. Having been tried and convicted on both counts, the punishment for the lesser offense running concurrently with the greater, there is no merit in the contention that appellant should, at least, be granted a new trial as to the charge of robbery.

The judgment and sentence are affirmed.

FULLERTON, MAIN, and ASKREN, JJ., concur.

MACKINTOSH, C. J., concurs in the result.