[No. 21918.   Department Two.   December 2, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT
BILLY, *Appellant*.[1]

*John F. Dore,* for appellant.

*Ewing D. Colvin* and *Cordelia M. Thiel,* for respondent.

MAIN, J.—Robert Billy and two others were charged by information with being jointists. The trial resulted in a verdict of guilty. From the judgment and sentence, Billy appeals.

When the trial opened, the state, upon the demand of the appellant, stated that the place where it was

[1]Reported in 282 Pac. 906.

claimed the liquor was actually sold and the offense committed was 118½ Third avenue south in the city of Seattle. One hundred eighteen and one-half was a large room, triangular in shape, in which there were a number of tables, a kitchen, a sink and a drain board, and a lavatory. On one side of the room there was a small walled-off inclosure. To enter the place immediately off the street, was a small hallway or recess, leading from which there was a short flight of stairs to the entrance to room 118½. Off of the hallway to the left was 118 Third avenue south, which was a small room. Adjacent on the south was 116, the entrance to which was immediately from the street. The walls separating 118½ from the other two rooms mentioned contained no doorways, but were solid partitions. The liquor sold in 118½ was in a bottle of an unusual type or design. In 118 were found forty-eight pint bottles of the same type or design, filled with moonshine liquor, and forty empty pint bottles. In 118 there were also some old boxes, cartons and newspapers.

A number of enforcement officers testified to having, on different occasions, purchased liquor in 118½. The liquor found in 118, over objection, was admitted in evidence, and this presents the principal question upon this appeal. Whether it was admissible in evidence depends upon whether it was sufficiently identified as the source of supply or cache from which the liquor sold in 118½ was obtained. On one occasion, when two of the officers went to the latter place to purchase liquor, they were informed that there was none in the place at that time but it would be gotten in a short time. The appellant thereupon went to the small walled-off inclosure, above mentioned, returned to near the principal entrance to the room, looked about, and, apparently not being satisfied with the situation, returned to the inclosure and came out. A

few minutes later he again entered the inclosure, came out and passed down the stairway. In four or five minutes he returned with a number of pint bottles of liquor separately wrapped in newspapers. After the arrest, a search was made, and in a recess or crack of the wall in the inclosure referred to were found two keys which fitted the lock at 118. The latch and lock of that door had the appearance of having been used. A number of officers, who had been engaged actively as prohibition enforcement officers for several years, testified that they had never seen the particular type of bottle from which the liquor was sold in 118½, and which was found in 118, at any other time. One officer testified that on one occasion he found a few of such bottles at a particular location in the city of Seattle. There was no other evidence relative to this particular type of bottle.

From what has been recited, it seems to us that the bottles of liquor found in 118 were sufficiently identified as the cache or source of supply from which the liquor sold in 118½ was obtained to justify their admission in evidence.

The case of *State v. Fasick*, 149 Wash. 92, 270 Pac. 123, 274 Pac. 712, cited by the appellant, does not cover the situation here presented, and is not an authority for the rejection of the evidence complained of. There was no error in admitting in evidence the liquor taken from room 118.

Some complaint is made with reference to the testimony of one witness which referred to 116 as being the place where the keys above mentioned would fit the lock. In the same connection, the witness referred to the place where the forty-eight pint bottles were obtained, and there is no question but what this was found in 118. The evidence of this witness, when read in its entirety and in connection with all the other evidence

408

in the case, makes it sufficiently plain that reference was being made to 118, even though 116 was mentioned.

■ The appellant complains of an instruction. Upon the trial, it was shown that he had been a number of times previously convicted. In submitting the case to the jury, they were told that this was not of itself evidence of guilt, but that it was a circumstance to be weighed and considered in the determination of "what weight or credibility should be allowed his testimony as a witness in this case." The thought embodied in the instruction is substantially the same as that found in Rem. Comp. Stat., § 1212, and was a proper instruction to give.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.