[No. 22643. Department One. March 6, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. TONY MATSON *et al.*, *Appellants.*[1]

*C. A. Holtz* and *John D. Carmody,* for appellants.

*Robert M. Burgunder* and *William J. Wilkins,* for respondent.

MAIN, J.—The defendants were, by information, charged with unlawfully opening up, conducting, and maintaining a place for the sale of intoxicating liquor, to which they pleaded not guilty. At the conclusion of the state's evidence, the defendants Dick Talo and Fred Elo moved for a directed verdict, which motion was overruled. The defendants rested without testifying or offering any evidence, and a verdict of guilty was returned as to each of them. Motion for new trial being made and overruled, a separate judgment and sentence was entered as to each defendant, from which they appeal.

[1] Reported in 296 Pac. 553.

The facts are these: The place which the appellants were charged with opening up, conducting, and maintaining for the sale of intoxicating liquors was at 416 Sixth avenue south, in the city of Seattle, and was known as the Pioneer Pool Hall. In the front part of this room, there were pool tables and a soft drink bar. A light partition had been placed across the room, which provided a separate and smaller room at the rear. The smaller room was connected with the larger room by a door, in which there was a glass or transparent mirror, which enabled one on the inside of the back room to see into the front room and observe what was going on there. This glass, to one in the front room, appeared to be an ordinary mirror.

The store room immediately to the north of 416 Sixth avenue south, and separated from it by a partition, was vacant and unoccupied. In the room immediately to the south, a business was being conducted. At the rear of No. 416 and the vacant room, there is a concrete walk about three feet wide, which is under the cover of the upper part of the building. There is a door in the rear of each of these rooms, and these doors are about three or four steps apart.

Between August 27, 1929, and September 27, of the same year, Federal prohibition agents on seven or eight different occasions went to the Pioneer Pool Hall and purchased intoxicating liquor from one or another of the appellants. The procedure was this: The agents would enter the pool room, and would go to the back room with one or another of the appellants, who would bolt the door in the partition, and, upon being told by the agents that they desired to purchase liquor, would go out of the back door of that room and soon return with a bottle of moonshine whiskey. This procedure was repeated on the occasion of each of the visits made by the Federal agents.

Early in the evening of September 27, 1929, prohibition agents other than those who had purchased the liquor went to the Pioneer Pool Hall with a search warrant, and made a search of the place. No liquor was found in either the front or the back room of 416 Sixth avenue south. The door of the store room to the north was locked. The appellants were arrested, and each of them searched for a key that would fit that lock, but none was found. The agents then forced the door to the vacant store room, and found therein five or six one-gallon jugs, one pint of moonshine whiskey sitting where it could be reached from the back door of that room, and another pint bottle containing a small amount of liquor.

Over objection, the one pint bottle first mentioned was offered and received in evidence. The appellant Tony Matson admitted he was the proprietor of the place.

The first question is whether the motion for a directed verdict of not guilty as to the appellants Talo and Elo was properly overruled.

Rem. Comp. Stat., § 7328, provides that any person who opens up, conducts or maintains,

" . . . either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and hereby is defined to be a jointist."

It cannot be said, as a matter of law, that Talo and Elo, in making the sales of liquor with which they are charged in this case, did not come within the scope of the statute, because in making such sales they were acting as the owner's agents. In *State v. Pistona,* 127 Wash. 171, 219 Pac. 859, speaking with reference to the statute quoted, it was said:

"This statute is broad in its terms. The manifest purpose was to put a stop to the practice of selling or

permitting intoxicating liquor to be sold at a place provided or used for that purpose. It may be that one selling intoxicating liquor while acting solely in the capacity of a servant or bartender does not 'open up' a place for the unlawful sale of liquor, but it seems clear to us that, in so doing, he not only 'conducts' and assists in conducting, but also 'maintains' and assists in maintaining such place. By each sale of intoxicating liquor, he necessarily assists, not only in maintaining, but in conducting the place. While on duty, he represents the owner in the conduct of the business. In making each sale, in making each charge and collection, he is the owner's agent within the purview of the statute.

"But appellant argues that, if a bartender assists in conducting and maintaining such a place, so does the janitor and fireman. The answer to this argument is that the janitor and fireman do assist in maintaining and conducting the place, but do not assist in maintaining and conducting it as a place where intoxicating liquor may be had or sold, unless they wrongfully participate in those acts which would make the maintenance and operation unlawful. If the legislature had intended to confine the offense to the owner or proprietor of such an establishment, it would doubtless have used words showing such limitation."

In *State v. Colotis,* 151 Wash. 557, 276 Pac. 857, it is said:

"The full extent of the control exercised by the appellants over the place is not made certain by the evidence, but the evidence at all events shows their control of the place sufficient for them to freely carry on, without interference by others, the sale of intoxicating liquor there. In other words, appellants were conducting the unlawful sale of intoxicating liquor there as a business. This was enough to render them guilty as jointists, though the principal business of the place was that of maintaining a restaurant, possibly by some person other than appellants."

The motion for a directed verdict was properly overruled.

■ The next question is whether it was error to admit in evidence the pint bottle of liquor which was found in the adjacent vacant store room.

Whether that was admissible, depended upon whether it was sufficiently identified as coming from the cache or source of supply from which the liquor sold was obtained. *State v. Billy,* 154 Wash. 405, 282 Pac. 906. Taking into consideration all the facts and surrounding circumstances as they appear in this case, we are of the opinion that it was not error to admit in evidence the pint of intoxicating liquor that came from the vacant store room. As pointed out, upon each occasion when a sale was made, the one making the sale went out the rear door of the room in which they were, and soon returned with a bottle, which would indicate that it was gotten from some place in close proximity. As pointed out in *State v. Thomas,* 156 Wash. 583, 287 Pac. 667, too much stress must not be laid on the place or surroundings of the place at which a cache of liquor is found. It was there said:

"But too much stress must not be laid on the place, or on the surroundings of the place, at which a cache of liquors is found. The concealment of such places has become a fine art. Every method which a fertile and ingenious mind can conceive is resorted to in the first instance to conceal the place, and, in the second, to so disguise it as to make it appear, should the place of concealment be discovered, that the liquors found therein belong to some one other than the true owner. The place of concealment and the surroundings were here possibly unusually clever, but the facts are to be considered as a whole, and, so viewing them, we can reach no other conclusion than that they presented questions for the consideration of the jury."

It is true that the liquor found in the vacant store room was not as closely identified in this case as it was in the case of *State v. Billy,* 154 Wash. 405, 282

Pac. 906, but, as already indicated, we are of the view that it was not improperly received in evidence, and was for the consideration of the jury.

The judgment as to each appellant will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.