[No. 22823.   Department Two.   March 9, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. MAX FAIRFIELD, *Appellant.*[1]

[1]Reported in 296 Pac. 811.

*Anderson & Richards* and *Earl W. Husted,* for appellants.

*Charles R. Denney* and *F. W. Mansfield,* for respondent.

FULLERTON, J.—The appellant, Max Fairfield, was charged, with another, by an information filed in the superior court of Snohomish county, with a violation of certain sections of the statutes relating to intoxicating liquors. The information contained five counts. The jury convicted the appellant on three of the counts, and acquitted him on the other two. From the judgment of conviction, he appeals.

· The information, omitting the formal allegations and the counts upon which the appellant was acquitted, reads as follows:

"Count I: They, the said Max Fairfield and Judd Spalsbury, in the county of Snohomish, state of Washington, on or about the 6th day of February, 1930, did wilfully and unlawfully manufacture for the purpose of sale, barter and exchange thereof, a quantity of intoxicating liquor other than alcohol, to-wit: About ten gallons of moonshine whiskey.".

"Count III: They, the said Max Fairfield and Judd Spalsbury, in the county of Snohomish, state of Washington, on or about the 6th day of February, 1930, did wilfully and unlawfully have in their possession a quantity of intoxicating liquor, other than alcohol, to-wit: about ten gallons of moonshine whiskey, which said intoxicating liquor was so held and kept by the said Max Fairfield and Judd Spalsbury for the purpose and with the intent of making and effecting the unlawful sale of the same."

"Count V: They, the said Max Fairfield and Judd Spalsbury, in the county of Snohomish, state of Washington, on or about the 6th day of February, 1930, did wilfully and unlawfully have in their possession and did knowingly permit to be placed and kept on the premises occupied by said Max Fairfield and Judd Spalsbury, a still, used and intended to be used for the manufacture of intoxicating liquor capable of being used as a beverage, and said still was an apparatus, device and combination of utensils capable of being used in separating alcoholic spirits from fermented substances."

The appellant demurred to the information, and his first assignment of error is based on the order of the court overruling the demurrer. The contention in this behalf is that the acts charged in the several counts do not constitute separate and distinct offenses, but constitute different degrees of the same offense, and that to charge different degrees of the same offense in separate counts, is to violate the statutory rules governing criminal procedure.

But we think the contention mistakes the effect of the several counts. It is hardly possible, of course, that a person could manufacture intoxicating liquors without having the manufactured liquors at some time in his possession, and it is hardly possible that he could manufacture liquors without some device or combination of utensils capable of being used in separating alcoholic spirits from fermented substances, and, to this extent, it can be said that the third and fifth counts are included in the first.

But it will be observed that the third and fifth counts have elements that cannot be said to be included in the first. The third count not only charges unlawful possession of intoxicating liquors, but charges, in addition, possession with the unlawful intent to sell the liquors. The fifth count, in addition to charging possession of

the still, charges that the appellant did knowingly permit the still to be placed and kept on premises over which he had control. These additional elements are obviously not included in the general charge of manufacturing liquor, and it is equally obvious that no conviction could be had upon them over the objection of the appellant, unless they are charged in some form.

The legislature itself has, moreover, denounced these several acts as separate offenses; that is to say, it has denounced it as an offense for any person to manufacture intoxicating liquors, it has denounced it as an offense for any person to have in his possession intoxicating liquors with intent to sell the same, and has denounced it as an offense for any person knowingly to permit any still for the manufacture of intoxicating liquor to be placed or kept on any premises owned or controlled by him. (Rem. 1927 Sup., §§ 7309, 7328, 7347-2). The fact that the legislature has made them separate and distinct crimes, is, in itself, a sufficient warrant for the court to treat them as separate offenses, even though the one may in some degree trench upon the other. *State v. Peck,* 146 Wash. 101, 261 Pac. 779; *State v. Heppell,* 149 Wash. 517, 271 Pac. 335.

Nor is it a valid objection to say that the offenses cannot be joined in separate counts in the same information. The offenses belong to the same class of offenses, and joinder is permissible under the act of the legislature of January 12, 1926. Laws of 1925, Ex. Ses., p. 168 [Rem. 1927 Sup., § 2059]; *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844.

■ It is next assigned that the court erred in refusing to dismiss the case on the motion of the appellant, made at the conclusion of the opening statement of the prosecuting attorney to the jury as to the facts the state expected to prove. It is objected that the

statement did not connect the appellant with, or charge him with, the perpetration of the recited acts thought to constitute the crimes charged against him.

The statement is set out in full in the record. It was somewhat long, as of necessity it had to be, owing to the nature of the proofs to be relied upon, but we do not find it faulty in the particulars of which complaint is made. It was the appellant who was on trial, and, by necessary inference, all that was said of, and concerning, the facts on which the state relied for conviction was said of, and concerning, him.

But, while it is true that the statute prescribing the manner of conducting trials (Rem. Comp. Stat., § 339) seems to require an opening statement of the cause of action, and the evidence expected to sustain it, too much stress must not be laid upon such statements. If it appears, from the facts recited, that the party having the affirmative of the issue has no cause of action, a motion to dismiss will be in order. But it is hardly a remedy, even in a criminal case, for a mere defective statement. If the opposing party requires further enlightenment, he should move to have the statement made more complete, and resort to the motion to dismiss only when this has been denied him.

█ The appellant next questions the sufficiency of the evidence to sustain a conviction. This question, we cannot think requires extended argument. The evidence was largely circumstantial, but its examination leaves no doubt in our minds that a correct conclusion was reached by the jury.

The still the appellant was accused of maintaining was some few hundred feet distant from the house in which he resided. It was cleverly concealed from the view of persons traveling over the highway which passed near it, but could be seen from the appellant's residence. In the residence, and in the out-houses

nearby and connected with the residence, were found certain articles and paraphernalia used in connection with the operation of a still. In the house, also, were found an electric device, some oak chips, coloring matter, and the like, used in making newly manufactured liquors take on the color and appearance of age. Near the house, concealed in the brush, was found a cache containing ten gallons of manufactured liquor in various containers.

The trial court, over the objection of the appellant, permitted these articles to be introduced in evidence, and permitted witnesses to explain the uses of those parts of them that pertained to the manufacture of liquor. This is urged in this court as error, but we can see nothing erroneous in it. Manifestly, the evidence tended to support the general charges contained in the information, and clearly showed that some one was engaged in the illicit manufacture of intoxicating liquor. The evidence tending to connect the appellant with such manufacture, was the fact that he lived upon and controlled the premises, the fact that many of the articles were found in the house in which he lived, the fact that he had an unusual number of visitors coming to his place in automobiles, and the fact that he kept books of account in which his credit sales of intoxicating liquors were recorded.

There were, it is true, certain articles introduced in evidence which had uses for purposes other than the manufacture of intoxicating liquors. But they were found in connection with other articles which could hardly be used for other purposes, and were admissible for that reason. What weight was to be given them as evidence of guilt was for the jury.

It is especially urged that it was error to permit witnesses to explain the uses which certain of the articles had in the manufacture of liquors; the argu-

ment being that it was not a matter for expert evidence. But paraphernalia of this sort is not in such common use as to make their purposes within the general knowledge of the ordinary person; especially so where, as in this instance, the parts were separated and kept in different places. Evidence to explain their uses and purposes was therefore competent.

Finally, it is urged that the court gave an erroneous instruction in defining to the jury the meaning of the term "reasonable doubt." But the instruction did not differ materially in form from the instruction given in the cases of *State v. Harras,* 25 Wash. 416, 65 Pac. 744; *State v. Quinn,* 56 Wash. 295, 105 Pac. 818; *State v. Harsted,* 66 Wash. 158, 119 Pac. 24; *State v. Sullivan,* 97 Wash. 639, 166 Pac. 1123, and held by us not to be reversible error.

The judgment is affirmed.

TOLMAN, C. J., BEALS, MILLARD, and BEELER, JJ., concur.