[No. 23018.   Department Two.   August 7, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. CLARENCE
TRANCHELL *et al.*, *Appellants*.[1]

[1] Reported in 2 P. (2d) 64.

*Henry Clay Agnew,* for appellants.

*Robert M. Burgunder* and *William J. Wilkins,* for respondent.

BEELER, J.—The appellants, together with Robert Bacon and Minnie Tranchell, were jointly charged by an information containing two counts with the crimes of being jointists. Count I charged the four defendants with opening up, conducting and maintaining a place at the Linde Apartments for the unlawful sale of intoxicating liquor, and count II with opening up, conducting and maintaining a joint at the Bungalow Apartments for the same purposes. These two apartments or buildings are located in the same city block and across an alley from each other. The state established that, on several occasions between June 9 and June 28, 1929, both appellants sold intoxicating liquor in apartment Q of the Linde Apartments, and in apartment 10 of the Bungalow Apartments. In fact, they used them interchangeably in making these sales of liquor. At times, sales were made and participated in by both appellants, while on other occasions they were made independently of each other. At the close of the state's case in chief, the lower court granted a directed verdict on count I as to the defendant Bacon, and later he was acquitted on count II. Hence we have no further concern with Bacon. A directed verdict was also granted as to the defendant Minnie Tranchell on count II. She was convicted on count I, but was given a suspended sentence by the court. She likewise has no concern with this appeal. The court, however, denied the motion for a directed verdict as to both appellants on each count, and they were convicted and sentenced on both counts, the sentences to run concurrently.

■ After the court had ordered a directed verdict as to the defendants Bacon and Minnie Tranchell, the following motion was interposed:

"Each of the defendants separately moves the court that the state be required to elect as to which count the trial will now proceed, and that the trial as to the other count be then declared a mistrial, on the ground and for the reason that the state is now prosecuting two independent felonies, in which different defendants are involved."

Error is assigned on the denial of this motion. In determining whether the trial court erred, it is necessary to bear in mind that neither Bacon nor Minnie Tranchell complain of the ruling of the court, as they are not parties to this appeal, and it is especially essential to keep in mind that the appellants were convicted on both counts.

The information was drawn under Rem. 1927 Sup., § 2059, which reads:

"When there are several charges against any person, or persons, for the same act or transaction, *or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses,* which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; and, if two or more indictments are found, or two or more informations filed, in such cases, the court may order such indictments or informations to be consolidated." (Italics ours.)

The gravamen of the charge in each count is the opening up, conducting and maintaining of a place for the unlawful sale of intoxicating liquor. It is manifest that the offense or crime charged in each count is of the same character or "class," and results from a series of similar acts, to-wit: sales of liquor. Not

only are the crimes charged of the same "class," but they are closely "connected together" both as to time and place. The two establishments or places—apartment Q and apartment 10—are within close proximity of each other, readily accessible by or through an alleyway, and were used alternately by the appellants in the unlawful sale of intoxicating liquor.

In the case of *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844, we held that the state could include felonies and misdemeanors by separate counts in an information. We further held that the provision "the same class of crimes," as used in the statute, has reference to crimes of the same general *nature* and *character,* and not to the statutory classification as provided in Rem. Comp. Stat., § 2253, placing felonies in one class and misdemeanors in another class. The joinder of counts charging distinct crimes of the same "class" or crimes closely "connected together" in point of time was approved by this court in *State v. Brunn,* 145 Wash. 435, 260 Pac. 990.

Several Federal authorities, on the question here under consideration, are reviewed in the *Brunn* case, *supra,* and reference may be made thereto. It was there pointed out that § 2059, *supra,*

". . . was taken, almost word for word, from a Federal statute enacted in 1853, and which has been construed by the Federal courts in many cases."

The United States statute reads:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated." 18 U. S. Code, § 557.

It must be presumed that when the legislature enacted § 2059, *supra,* which is substantially a literal reproduction of the Federal statute, *supra,* it took into consideration the numerous interpretations and constructions placed thereon by the United States courts. There are many, many Federal authorities which hold that separate counts charging either misdemeanors or felonies, or both, may be joined where the charges grow out of the same act or are connected together. For an extended review of these authorities, see 18 U. S. C. A., § 557, pp. 86 to 108, inclusive.

In *Armstrong v. United States,* 16 Fed. (2d) 62, it was held that the maintenance of a nuisance by unlawfully manufacturing liquor and keeping liquor for sale may be charged in different counts in one information.

In *Morris v. United States,* 12 Fed. (2d) 727, it was held that the joinder in an indictment containing one count charging partners with making false partnership income tax returns, and in another count charging one of the partners with perjury in making a false affidavit to the return, was permissible, as being for transactions "connected together" and of the same "class" of crimes.

"These charges grew out of the same transactions. The falseness of the returns and the falseness of the affidavits were provable by the same evidence, and both defendants might properly have been charged with complicity in the perjury." *Morris v. United States, supra.*

In the recent case of *State v. Fairfield,* 161 Wash. 214, 296 Pac. 811, we held that the offenses of unlawful manufacture, unlawful possession of intoxicating liquors, and knowing of and permitting a still on the premises, could be joined in three separate counts

in the same information, inasmuch as they belong to the same "class."

Appellants rely on *De Luca v. United States,* 299 Fed. 741, and *McElroy v. United States,* 164 U. S. 76. We have examined these cases, but find the facts entirely dissimilar to the facts in the case now before us. For illustration, in the *McElroy* case, *supra,* the lower court ordered a consolidation of four indictments charging different defendants with separate and distinct crimes or offenses, which were in no way related to each other, and not provable by the same or similar evidence. In that case, six different defendants were indicted on two separate charges of assault to murder different persons on the same day, and for arson on a later day, while three of the defendants were indicted for arson committed on the same day as the assaults to murder. The charges of arson were of the dwelling houses of different persons. It was held that the consolidation could not

"... be sustained where the parties are not the same and where the offenses are in no wise parts of the same transaction and must depend upon evidence of a different state of facts as to each or some of them."

Here, however, the offenses were closely connected, were of the same class, and required proof of the same general character.

■ Appellants argue that, inasmuch as they were tried on two counts each charging a felony wherein different defendants were involved, the trial court should have required the state to elect. The fact that a directed verdict was granted to the defendant Bacon on count I, and to Minnie Tranchell on count II, is of no avail to these appellants, for the reason that all of the testimony received in evidence was germane and admissible as against both of them. No testimony was

received which was inadmissible as against either of these appellants. Therefore the dismissal of Bacon and Minnie Tranchell could in no manner have confused or confounded the appellants in their defense, and hence they were not prejudiced by the ruling of the court in denying an election.

In *Chapman v. United States,* 10 Fed. (2d) 124, it was held that several offenses of the same class might be joined in one indictment, and the right of joinder was unaffected because the evidence failed to connect some of the defendants with the offense charged in one of the counts.

"It is also insisted that there was a misjoinder of offenses, in that the evidence failed to connect some of the defendants with the substantive offenses of transporting automobiles which they knew had been stolen. It is not shown that injury resulted from this, but, on the contrary, it appears that the court carefully protected the rights of each defendant. The substantive offenses related to the same automobiles described in the overt acts, but the evidence failed to show that all of the defendants were guilty of the substantive offenses. The crimes were all of the same class and were properly joined." *Chapman v. United States, supra.*

See, also, *Sasser v. United States,* 29 Fed. (2d) 76.

After the state had submitted its proof, it was discretionary with the trial court to grant or deny an election. Trial courts should be and are allowed wide discretion in the matter of requiring an election, and such discretion is only reviewable when there is a clear abuse thereof, and where the record discloses that the rights of defendants have been prejudiced thereby.

"If the court has the right to require the election to be made, the exercise of the authority is a matter of discretion, and where it does not appear that the defendant sustained any injury by the ruling of the

court in this respect, it cannot be held erroneous." *People v. Shotwell,* 27 Cal. 394.

See, also, *State v. Lopeman,* 143 Wash. 99, 254 Pac. 454; *State v. Brunn,* 145 Wash. 435, 260 Pac. 990, and Federal authorities there cited.

■ The second assignment of error relates to the introduction in evidence of twelve bottles of liquor. On the night of the raid, the officers found this liquor concealed under some old lumber situated in the alley-way which separates the two apartments or buildings, and within approximately six feet from the bottom of a stairway leading to apartment Q. This lumber was within forty-five or fifty feet of apartment Q. These bottles were of a peculiar design, and compared in size, color and shape with bottles found by the officers in apartment Q. Very few bottles of this description had been found by the officers on previous raids. Witnesses on behalf of the state testified that, on the several occasions when they purchased or ordered liquor from appellants at apartment Q, they observed or heard one or the other of them leave the apartment and walk toward the back stairway and in the direction of the place where the twelve bottles were found, and return within a minute or two with liquor. Under all these facts and circumstances, it became a question of fact for the jury to determine whether the liquor belonged to the appellants, and therefore it was properly received in evidence. *State v. Bossio,* 136 Wash. 232, 239 Pac. 553; *State v. Donati,* 149 Wash. 53, 270 Pac. 100; *State v. Billy,* 154 Wash. 405, 282 Pac. 906; *State v. Thomas,* 156 Wash. 583, 287 Pac. 667; *State v. Matson,* 161 Wash. 196, 296 Pac. 553.

We find no error in the record, and the judgment appealed from is affirmed.

TOLMAN, C. J., BEALS, MITCHELL, and PARKER, JJ., concur.