[No. 35759.    Department One.    April 13, 1961.]

THE STATE OF WASHINGTON, *Appellant,* v. CLIFFORD MELVIN
SATTERLEE, *Respondent.*\*

\*Reported in 361 P. (2d) 168.

*Charles O. Carroll, James D. Burns,* and *Victor V. Hoff,* for appellant.

*Irving C. Paul, Jr.,* for respondent.

HILL, J.—The King County Superior Court has dismissed an information against Clifford Melvin Satterlee, charging him with two robberies (committed March 1 and March 5, 1959). The prosecuting attorney appeals.

A similar information had been filed against Satterlee in May, 1959, charging him with the same two robberies. In September, 1959, the charge on count I (the March 5 robbery) was reduced to the included offense of grand larceny; and Satterlee entered a plea of guilty and was sentenced to the Monroe reformatory for not more than fifteen years. On motion of the prosecuting attorney, count II (the March 1 robbery) was dismissed.

Thereafter, in the summer of 1960, Satterlee, by an application for a writ of *habeas corpus* in the superior court of Snohomish county, contested the validity of his fifteen-year sentence and the place of his confinement. It was conceded that the amount of money taken was only sixty-one dollars and that it was taken from the "presence" and not the "person" of the victim. The Snohomish county court held that this made the included offense *petit* larceny, instead of grand larceny, and the maximum sentence which could be imposed, one year in the county jail.

The prosecuting attorney of King county immediately filed the information referred to in the first paragraph of this opinion, which has been dismissed by the trial court.

Count I (the March 5 robbery) of the new information is identical with the one on which the charge was reduced to grand larceny, and to which reduced charge Satterlee entered a plea of guilty. (As we have explained, this was, in effect, only a plea of guilty to *petit* larceny; and, on that charge, he has now served the maximum of one year.)

We appreciate, as contended by the state, that Satterlee could have been charged with both robbery and larceny arising out of the same act. *State v. Lopeman* (1927),

143 Wash. 99, 254 Pac. 454. But we cannot imagine any court, having a "fastidious regard for the honor of the administration of justice,"[1] imposing consecutive sentences on a conviction of robbery and a conviction of larceny predicated on the same act. Entirely aside from any question of double jeopardy, we would agree with the trial court that fairness to the defendant requires that, having entered a plea to the included offense and having been punished to the maximum extent permitted by the law therefor, the state should not be permitted to again charge him with that particular robbery.

■ Count II (the March 1 robbery) of the new information is identical with the one which was dismissed in 1959, and presents quite a different situation. There is no conceivable reason in law why the dismissed robbery count should not be revived in a new information, the statute of limitations not having run on the offense. *State v. Stacy* (1953), 43 Wn. (2d) 358, 261 P. (2d) 400. Neither can there be any question of the right of the superior court to dismiss it, if the prosecutor's reason or motive for reviving it offends against that "fastidious regard for the honor of the administration of justice." We said in *State v. Silver* (1929), 152 Wash. 686, 694, 279 Pac. 82,

" . . . that one of the duties of the courts is to see that a person charged with crime is fairly treated; that if the court, in the exercise of its discretion, thinks that a trial should not be had on a second or subsequent information, it is entirely within its power so to order and in this way overcome the evil of subsequently delayed prosecution. But the court could not say in that case from the record that the lower court had abused its discretion."

■■ For the purpose of this discussion we shall assume that the dismissal of count II was, to use the vernacular, "part of the deal" which led Satterlee to enter a plea of guilty to the reduced charge of grand larceny on the other robbery. We think that such a "fastidious regard" must be concerned with the protection of society as well as fairness

---

[1]*Communist Party of the United States v. Subversive Activities Control Board* (1956), 351 U. S. 115, 124, 100 L. Ed. 1003, 1010.

to the individual defendant. Here we have an offense for which, if he is guilty, Satterlee has suffered no penalty. Society, represented by the state, did not get what it bargained for, *i.e.*, at least a restraining influence over Satterlee for fifteen years. It is conceded that the parole board could have released him at any time they believed that he had been rehabilitated; but the possibility of the revocation of that parole would nonetheless have been a restraining influence for the term of the sentence.

The state was originally willing to dismiss this count (II), because any sentence imposed on a conviction or a plea of guilty would, unquestionably, have run concurrently with the sentence then being imposed. Unless it is now permitted to proceed on this count, we have the situation (if Satterlee is guilty of the robbery charged, which is what the state seeks the opportunity to prove) of having a man involved in two robberies (one of them armed robbery) free of any restraint, after having served one year, with no evidence and no presumption of rehabilitation. Fair play to criminal defendants does not require criminal proceedings to be a game of chance, and society is entitled to some protection too. *State v. Stacy, supra.* In that case, at page 368, we said:

" . . . Again, it should not be a matter of luck or perhaps misadventure of one of the contestants during the course of a trial; nor should the outcome depend substantially upon the skill or luck of the attorney representing one side of the controversy."

We are convinced that the dismissal of count I gave the defendant the fairness to which he was entitled, and that the dismissal of count II failed to give society the protection to which it is entitled.

We affirm the dismissal of count I, and reverse the dismissal of count II.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.

---

June 14, 1961. Petition for rehearing denied.