[No. 6704–1.   Division One.   August 27, 1979.]

THE STATE OF WASHINGTON, *on the Relation of Robert E. Schillberg, Respondent,* v. CASCADE DISTRICT COURT, ET AL, *Appellants.*

532

*Tom Conom,* for appellants.

*Robert E. Schillberg, Prosecuting Attorney,* and *Hugh W. Hawkins, Jr., Special Deputy,* for respondent.

CALLOW, C.J.—The defendant, Charles E. Cabe, appeals from an order of the Snohomish County Superior Court vacating the Cascade District Court's order of deferred prosecution that was conditioned upon the defendant's successful completion of an alcohol treatment program. The defendant contends that the district court had the authority to enter the order over the State's objection. Under the facts, it did not.

On June 3, 1977, the defendant was arrested and cited by a state trooper for driving while under the influence of intoxicants and/or drugs. Upon his arraignment, trial was set for September 9, 1977, in the Cascade District Court. Prior to that trial date, the defendant was cited by the Town of Darrington for a separate offense of driving while intoxicated, which led to the filing of a new complaint in the Cascade District Court. On defense counsel's initiative, the Drinker's Diversion Service in Everett evaluated the defendant for a deferred prosecution program. The service's

evaluation indicated the necessity of treating the defendant for severe alcohol–related problems. Neither the Cascade District Court nor the Snohomish County prosecutor authorized or concurred in the defendant's referral for evaluation.

On November 9, 1977, one of the judges of the Cascade District Court heard the second case brought on the Town of Darrington citation. The Town of Darrington charge was heard prior to the state case because of various continuances in the state case. The defendant, with the concurrence of the Darrington prosecutor, petitioned for a deferred prosecution. The petition noted the existence of both the state and Darrington drunk driving charges. The court approved the deferred prosecution program recommended by the Drinker's Diversion Service. The State did not participate in this proceeding.

The State had, in fact, indicated to the defendant's counsel that it would not agree to a deferred prosecution on its charge. Following two trial continuances requested by the defendant, the State's case was called before another judge of the Cascade District Court. The defendant moved for the entry of an order deferring prosecution, to which the State objected. Despite the State's lack of concurrence, the court granted the petition for deferred prosecution so as not to interfere with the program previously approved by the other district court judge. On January 23, the State moved for reconsideration. The motion was denied on the basis that, although the prosecutor must concur in a petition for deferred prosecution, an exception would be made when an injustice would result. The court thereupon entered an order for deferred prosecution that continued the case for 24 months, the charge against the defendant to be dismissed if he successfully completed the treatment plan set forth in the order.

The State applied to the Snohomish County Superior Court for a writ of certiorari on February 6, 1978. Following the writ's issuance and a hearing on the writ, the court entered an order dated June 13 that the writ be entered,

the order of the district court be vacated, and the case remanded for trial. The court concluded that RCW 10.05 establishes the district court's authority to defer prosecutions, requires the concurrence of the prosecutor for a deferred prosecution, and excludes any equitable powers of the court to act in the absence of the prosecutor's concurrence.

The defendant appeals, raising the following issues:

1. Does a district court's authority to dismiss a criminal prosecution as in furtherance of justice pursuant to RCW 10.46.090 include the authority to defer prosecution over the State's objection?

2. Does a district court have inherent power to defer a criminal prosecution?

3. Does fairness permit the State to prosecute the defendant?

> *Does a district court's authority to dismiss a criminal prosecution as in furtherance of justice pursuant to RCW 10.46.090 include the authority to defer prosecution over the State's objection?*

RCW 10.05 establishes the procedure whereby a person charged in a court of limited jurisdiction with a misdemeanor or gross misdemeanor may be referred by the court to a treatment facility for the treatment of alcohol, drug or mental problems. In order to invoke the court's authority to defer prosecution, the defendant must petition the court and allege in part that the conduct charged is the result of or caused by alcohol, drug or mental problems. RCW 10.05.020. Thereupon,

> [t]he arraigning judge upon consideration of the petition and with the concurrence of the prosecuting attorney may continue the arraignment and refer such person for a diagnostic investigation and evaluation to an approved alcoholism treatment facility . . .

RCW 10.05.030. Following an investigation and examination of the defendant, the treatment facility is required to

report to the court. RCW 10.05.040–.050. If the report recommends treatment, the court is empowered to approve the plan and defer prosecution so that the defendant might follow the plan. RCW 10.05.060. If the defendant complies with the conditions imposed by the court and is not convicted for any subsequent offense similar to the one for which deferred prosecution was granted, the charges against the defendant shall be dismissed 2 years from the date of the court's approval of deferred prosecution. RCW 10.05.060, .090, .100, .120.

The defendant argues that once a treatment plan is presented for the court's consideration, the court has the sole authority to approve or disapprove of it. The statute, however, requires that the prosecutor concur before the court may refer a defendant for diagnostic investigation and evaluation, and thus restricts the court's ultimate authority to defer prosecution. RCW 10.05.030. A defendant should not be allowed to evade this limitation by proceeding as did the defendant here.

The defendant argues, albeit, that RCW 10.46.090, read in conjunction with RCW 10.05.030, enables the court to defer prosecution over the State's objection. RCW 10.46.090 provides in part:

> The court may, either upon its own motion or upon application of the prosecuting attorney, and in furtherance of justice, order any criminal prosecution to be dismissed; . . .

This statute, according to the comment, has been superseded by CrR 8.3. Both the State and the defendant agree that this statute applies to district courts in light of *State v. Cummings*, 87 Wn.2d 612, 555 P.2d 835 (1976).

*State v. Sonneland*, 80 Wn.2d 343, 494 P.2d 469 (1972) held that despite the absence of express language so stating, a defendant is entitled to move for dismissal under RCW 10.46.090 as a practical way of informing the court of circumstances warranting dismissal. The court also held that the trial court is empowered to dismiss a criminal

prosecution over a prosecutor's objection if required to further justice. The defendant reasons that if a defendant is permitted to move for dismissal under RCW 10.46.090, he should have the right to move under RCW 10.05.010 for deferred prosecution since RCW 10.46.090 (CrR 8.3) encompasses and generally embraces the specific situation discussed in RCW 10.05.010. However, RCW 10.46.090, unlike RCW 10.05.030, contains no express prosecutorial check upon the discretion of the court. While the defendant may move for deferred prosecution, he has no more right to compel the institution of proceedings leading to a deferred prosecution under RCW 10.05.030 over the prosecutor's objection, than he does to compel a dismissal by the court. The court and the prosecutor are jointly invested with exclusive authority in the former instance, while the court is invested with an exclusive authority tempered by the requirement of the "furtherance of justice" in the latter instance.

The defendant argues alternatively that if a dismissal may be granted "in furtherance of justice," then a deferral of prosecution should likewise be possible. The legislature did not provide for such a possible course as it did in RCW 10.46.090. The legislature has granted misdemeanants a privilege heretofore unavailable; it is not our prerogative to rewrite the terms of that privilege. *See People v. District Ct.,* 186 Colo. 335, 527 P.2d 50 (1974).

*Does a district court have inherent power to defer a criminal prosecution?*

The defendant asserts that when the interests of justice so require, the courts of limited jurisdiction may exercise an inherent power to dismiss a prosecution or, as a lesser attribute of that power, to defer prosecution. The authorities cited do not support this assertion.

*Wilhelm v. Harvey,* 16 Wn. App. 802, 559 P.2d 597 (1977) held that even though JCrR 2.03(d)(5) only provides for dismissal of a felony complaint upon a finding at the

preliminary hearing that probable cause does not exist, a district court has the inherent power to dismiss the probable cause hearing for lack of prosecution. The inherent power of the court was, however, linked to the prosecutor's authority to abort a justice court preliminary hearing at his choosing. The trial court was giving form to the prosecutor's election to discontinue the action. *Wilhelm v. Harvey, supra* at 806. *State v. Wieman,* 19 Wn. App. 641, 577 P.2d 154 (1978) noted only in dicta that the district court's dismissal of the State's complaint for lack of prosecution was approved as a proper method in *Wilhelm. State v. Wieman, supra* at 644 n.2. *State ex rel. McCool v. Small Claims Ct.,* 12 Wn. App. 799, 532 P.2d 1191 (1975) held that a small claims court is authorized to order a new trial to correct its own error. *McCool* relied in part upon RCW 2.28.150, which provides:

> When jurisdiction is, by the Constitution of this state, or by statute, conferred on a court or judicial officer all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws.

*State ex rel. McCool v. Small Claims Ct., supra* at 801–02. RCW 2.28.150 answers the defendant's contention. The course of the proceeding is specifically pointed out by RCW 10.05, and the court must follow it.

*Does fairness permit the State to prosecute the defendant?*

The defendant, citing *State v. Satterlee,* 58 Wn.2d 92, 361 P.2d 168 (1961), contends that the State should be barred from prosecuting him due to the fact that he has so far complied with the district court's approved treatment plan at great expense to himself. *Satterlee* held that fairness prevented the State from recharging the defendant with a particular robbery inasmuch as the defendant had

already entered a plea to the included offense of grand larceny and had been punished to the maximum extent permitted by law. *State v. Satterlee, supra* at 94. However, as to an unrelated robbery that the prosecution had dropped as part of a bargain with the defendant, *Satterlee* permitted the defendant to be recharged because he had, if guilty, not been punished. The State demands that the defendant be punished, while the defendant argues that society is being given its greatest protection through his treatment and hopeful rehabilitation. *Satterlee* does not resolve these competing claims.

The defendant could have requested a stay of proceedings from the Superior Court. RCW 7.16.080. When he did not do so, he cannot complain that the State should be barred from prosecuting him because he had no other recourse than to obey the order of the district court. Further, the defendant argues that since he has gone through the medical treatment for his problem, it would be unfair to require him to stand trial for the crime. We hope for his personal benefit and for the benefit of society that the treatment of the defendant has cured his problem with alcohol. However, undergoing treatment for alcoholism does not absolve one of legal responsibility for criminal acts committed while under the influence. This could be shown to the trial judge to exhibit good faith and in mitigation of the sentence to be imposed, but does not bar prosecution. It has never been accepted as a bar to prosecution that a robber merely return the victim's money.

The judgment is affirmed.

FARRIS and RINGOLD, JJ., concur.

Reconsideration denied September 26, 1979.

Review granted by Supreme Court December 7, 1979.