[No. 18928.   Department Two.   March 25, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Appellant*, H. J. SHEPARD, *Defendant*.[1]

BAIL (7)—DISCHARGE OF SURETIES—DISMISSAL OF PROSECUTION FOR DELAY. Bail cannot be forfeited after dismissal of a prosecution for failure to try the accused within sixty days, in view of Rem. Comp. Stat., § 2313, providing that on dismissing any prosecution the prisoner shall be discharged or his bail exonerated.

SAME (7). The fact that accused was rearrested on a second information, after a dismissal for failure to try him within sixty days, does not make his bail liable under a bail bond conditioned to produce the accused to answer to the first information.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered February 19, 1924, denying the vacation of a judgment, after a hearing before the court. Reversed.

*Danson, Williams, Danson & Lowe* and *Harris Baldwin*, for appellant.

*Roy C. Fox*, for respondent.

MACKINTOSH, J.—Appellant furnished a bail bond for the defendant, who, in November, 1922, was charged by

[1]Reported in 234 Pac. 274.

information with the crime of grand larceny. On February 2, 1924, defendant moved for a dismissal of the prosecution for the reason that he had not been brought to trial within sixty days after the filing of the information. This motion was heard and granted by the court on February 13, 1924, the following order being entered: "It is therefore ordered, adjudged and decreed by the court that the above entitled action be and the same is hereby dismissed." On February 18, by leave of the court, a new information charging the same crime against the defendant was filed. On February 19, being the date on which the trial of the original action had been set, and without notice to either the defendant or his attorney, and without their knowledge that a new information had been filed, it was called for trial, and no one appearing but the state, motion was made for a forfeiture of the bond, which motion was granted and judgment was entered against the appellant for the sum of $1,000, being the penalty on the bond. March 20, the appellant, learning of the judgment, moved to have it vacated for the reason that it was void. This motion was denied, whereupon this appeal was taken.

Without noticing all the reasons presented by the appellant for reversal of the judgment, it is enough to consider but one of them, which must determine this action in appellant's favor. When the motion was granted on February 13, the action was terminated, and this of itself terminated the surety's liability. Section 2313, Rem. Comp. Stat. [P. C. § 9144], reads:

"Whenever the court shall direct any criminal prosecution to be dismissed, the defendant shall, if in custody, be discharged therefrom, or if admitted to bail, his bail shall be exonerated, and if money has been deposited instead of bail it shall be refunded to the person depositing the same."

The order was that the action be dismissed. The statute says that, when such an order is made, the bail is exonerated.

Some point is made by the state, however, that the filing of a new information continued the obligation of the bond. The one furnished by appellant provides that: "The condition of this obligation is such, that whereas, the above named defendant is charged by an information duly signed in the above court with the offense of obtaining money under false pretenses . . ." There is nothing in this obligation which bound the appellant to stand as bail for any subsequent prosecution that the state might see fit to bring. As was said by this court in *State v. Armstrong,* 29 Wash. 57, 69 Pac. 392:

"The filing of the new information was the commencement of a new action for the same offense."

See, also, *State v. Lewis,* 35 Wash. 261, 77 Pac. 198; 6 C. J. 288. In the new action the appellant had never furnished any obligation.

The judgment is reversed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.