[No. 43615.   En Banc.   October 9, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND M. ELIZONDO, *Petitioner*.

*Mark F. Andrews, Jr.* (of *Calbom, Cox, Andrews & Hamm*), for petitioner.

*Henry R. Dunn, Prosecuting Attorney*, and *James E. Warme, Chief Criminal Deputy*, for respondent.

BRACHTENBACH, J.—This is a review on writ of certiorari of an order of the superior court denying the petitioner's motion to dismiss an information against him.

The following events give rise to this matter:

1. August 22, 1974. Search of defendant's residence pursuant to a warrant, resulted in the seizure of approximately 3,000 amphetamine tablets and 50 grams of marijuana.

2. August 22, 1974. Defendant was arrested.

3. August 22, 1974. Defendant posted bail and was di-

rected, by a police officer, to appear in superior court on August 29, 1974, the next scheduled arraignment day.

4. August 29, 1974. Defendant and his attorney appeared in superior court. A deputy prosecutor stated to the court that he did not think charges had been filed. There were no further proceedings before the court.

5. December 13, 1974. An information was filed and served, charging violation of the Uniform Controlled Substances Act, RCW 69.50.401(c).

6. December 26, 1974. Defendant moved to dismiss the information on the ground that there had not been compliance with CrR 3.3(b), the speedy trial rule.

7. January 16, 1975. Defendant's motion to dismiss was denied.

We affirm the denial of the motion to dismiss.

CrR 3.3(b) provides: "A criminal charge shall be brought to trial within 90 days following the preliminary appearance."

CrR 3.3(f) provides: "A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

Defendant contends that since more than 90 days elapsed both from his arrest and his court appearance, the rules mandate a dismissal. To support his position, defendant points to the comments which were issued by the Criminal Rules Task Force when recommending the proposed rules to the Washington Judicial Council and ultimately to this court. The comment to CrR 2.1 states:

> Although the proposed subsection does not specify a time in which the prosecuting attorney must file, it is written in light of the totality of the proposed rules. Proposed Rule 3.3, dealing with speedy trial, states that a defendant shall be tried within 90 days* following the preliminary appearance, which pursuant to proposed amendments to Rule JCrR 2.03, (a) (1), *infra*, must be within one judicial day following the arrest of the defendant.
>
> *Note that a defendant who is incarcerated prior to trial must be tried within 60 days following preliminary appearance. *See* Proposed Rule 3.3.

The problem in this case exists because the prosecutor did not use the procedure contemplated by the rules, *i.e.*, an appearance in justice court pursuant to JCrR 2.03 which would have triggered the time limits of CrR 3.3(b).

■ The rules do not appear to contemplate the situation here present where the defendant is arrested, not brought before a magistrate under JCrR 2.03 and is released on bail, but not charged until substantially later. Again the comments are helpful in pointing out that the procedure used here is not contemplated by the rules. The comment to CrR 3.3 states:

> Use of the term "preliminary appearance" is intended to obviate many definitional difficulties in the uses of such terms as "arrest" or "custody". If the rules proposed by the Task Force are adopted, the preliminary appearance would occur no later than the close of the court's business on the judicial date next following the day of arrest.

A review of the American Bar Association standards relating to criminal justice indicates that those standards do recognize that one may be arrested and held in custody, on bail or recognizance without being charged. To cover the hiatus we find in our rules, those standards compute the time from the date the charge is filed or from the time the defendant is held to answer if in custody, on bail or recognizance.

We need not decide whether the "held to answer" concept is implicit in our rules, but it is the defendant's strongest position for it is clear that no charge had been filed within the meaning of CrR 3.3(b). Even if we adopted the defendant's theory, he is still not entitled to a dismissal.

The commentary to the ABA standards make clear that only if a defendant continues within the control of the court until the filing of a charge is the time counted from the date when a defendant is held to answer. ABA Standards Relating to Speedy Trial (Approved Draft No. 19 (1968)).

■ The critical question then was the status of the defendant after he appeared in court on August 29. At that

point he was no longer subject to any restraint. No charge had been filed. His bail bond was conditioned upon his appearance at that time and he appeared. The bail agreement also required defendant to appear at such other times as the court may require. The court made no such requirement. As a matter of law his bond was exonerated. *See State v. Fidelity & Deposit Co.*, 133 Wash. 565, 234 P. 274 (1925), where the court held that a second information was not covered by the bond on an earlier charge which had been dismissed. Here there was no charge to dismiss. If there were any doubt in defendant's mind as to the status of his bail bond, he had an obligation to move for its exoneration.

Consequently, the time between August 29 and the filing of the information on December 13 did not count in calculating the time limits of CrR 3.3.

The order of the trial court denying dismissal is affirmed.

FINLEY, HUNTER, WRIGHT, and HOROWITZ, JJ., concur.

ROSELLINI, J. (dissenting)—CrR 3.3 provides that a criminal charge shall be brought to trial within 90 days following the preliminary appearance. JCrR 2.03 provides:

(1) Any person arrested for any offense, including capital cases and other felonies and not released shall be taken without unnecessary delay before a judge. The term "without unnecessary delay" means as soon as practically possible. In any event, delay beyond the close of business of the judicial day next following the day of arrest shall be deemed unnecessary. The court may, for good cause shown and recited in the order, enlarge the time prior to preliminary appearance.
(2) The judge shall inform the person of the crime for which he is arrested and of the rights of a person charged with a crime and shall provide for pretrial release pursuant to JCrR 2.09.

CrR 3.3 calculates the time within which a criminal charge must be brought to trial from the date of the preliminary appearance. The only provision for a preliminary appearance is found in JCrR 2.03. It will be observed that by its terms, JCrR 2.03 requires such a proceeding only

where the arrested person remains in custody. Yet CrR 3.3 is not restricted in its scope to cases in which the defendant is held in custody.

Since the rule calculates the time from the date of the preliminary appearance, without taking account of the fact that a preliminary hearing may not be held, in order to give it effect in every case it must be construed as requiring that the matter be brought to trial in 90 days from the date upon which a preliminary hearing would be held, were one required. Otherwise, the speedy-trial requirement would have no applicability at all in cases where the defendant is released on bail. If this had been our intent in promulgating the rule, it would have been more exactly expressed. To my knowledge, such a result was never contemplated, and it would be highly inconsistent with the purpose of the provision.

JCrR 2.03 requires that such appearance shall occur within 1 day after arrest (unless the time is enlarged by the court). The rules as thus interpreted declare that with certain enumerated exceptions not pertinent here (*see* CrR 3.3), if a defendant is released on bail he shall be brought to trial within 90 days after his arrest, plus the period which ends on the first judicial day thereafter, *e.g., see* RCW 1.16.050.

The defendant in this case was not brought to trial within this period, and none of the excuses for delay provided for in the two rules is present. In accordance with CrR 3.3 (f), the charge should be dismissed.

CrR 3.3 was designed to effect speedy justice. *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975). The majority, however, has adopted an interpretation which would, in effect, reinstate the rule as it existed under RCW 10.46.010. That statute provided that an indictment or information should be dismissed if the defendant was not brought to trial within 60 days after it was filed. Delays in filing charges were among the dilatory practices which we sought to discourage in adopting these new rules. It would seem that that purpose was not accomplished.

The majority, seeking to rationalize this revision of the rule, adopts a novel theory that the defendant was released from the control of the court, and his bond exonerated ipso facto, when it was announced by the prosecutor that charges had not yet been filed. I am aware of no authority for this proposition. The case cited by the majority, *State v. Fidelity & Deposit Co.*, 133 Wash. 565, 234 P. 274 (1925), held, with undoubted propriety, that a bail bond was exonerated when the prosecution was dismissed by order of the court. There was no order of dismissal in this case.

The majority points to no rule or statute directing the release of an arrested person and the exoneration of his bond if the prosecutor has not filed a charge before the next scheduled arraignment day. CrR 8.8 provides that upon acquittal, or whenever the court shall direct any criminal charge to be dismissed, the bail shall be exonerated.[1] There is no provision for exoneration of bail before a charge has been filed. Clearly, if no charge is filed before the end of 90 days, the defendant can move for and obtain an order exonerating his bail, since the case would be subject to dismissal under CrR 3.3(f) if a charge had been filed, and the time had not been extended pursuant to other provisions of the rule.

As I understand the law, the defendant remained under the control of the court and subject to its orders until his bond was exonerated by order of the court. That had not occurred before the charge was filed. If the prosecutor needed additional time to prepare his case, he should have made his showing to the court and moved for its approval, in accordance with CrR 3.3(e)(2). Since no continuance was sought or granted, and the matter was not brought to trial within 90 days after a preliminary hearing would have been held, had such been required, the court was obliged to grant the defendant's motion for dismissal. That motion

---

[1] An arrested person comes under the jurisdiction of the court when bail is set. *See* JCrR 2.09; RCW 10.19.010.

was made before the case went to trial, so there is no question of laches. *See State v. Williams, supra.*

We said in the last cited case:

> The purpose of the rule is to insure speedy justice in criminal cases, insofar as reasonably possible. If continuances are necessary, they should be sought or entered upon formal motion, with the reasons therefor being made a matter of record.

*State v. Williams, supra* at 32.

If there are reasons to delay the filing of charges until a date which leaves inadequate time for the parties to prepare for trial, those reasons should also be made a matter of record. If the prosecutor can defeat the purpose of CrR 3.3 by delaying the filing of charges while the defendant is released on bail, he has at his hands an instrument of harassment not consonant with the spirit of this rule.

I would hold that the time within which a case must be brought to trial begins to run from the date the preliminary hearing is required to be held, which under JCrR 2.03 is no later than 1 day after the defendant's arrest.

STAFFORD, C.J., and HAMILTON and UTTER, JJ., concur with ROSELLINI, J.