[No. 2270–2.   Division Two.   March 8, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. VANCE STANMORE, *Appellant.*

*Richard Phillips,* for appellant (appointed counsel for appeal).

*Patrick D. Sutherland, Prosecuting Attorney,* and *Ed Schaller, Jr., Deputy,* for respondent.

PETRIE, C.J.—The defendant, Vance A. Stanmore, appeals his conviction of second–degree assault. The only issue on appeal is whether or not he was denied a speedy trial. We affirm the conviction.

On August 22, 1975, a Friday, the defendant was arrested and booked into the Thurston County jail. For reasons which are not dispositive of this appeal, no information was filed until September 9, on which date he was arraigned in court on charges of escape and assault. Counsel was appointed, a plea of not guilty was entered, and subsequently a jury trial date was set "for the week of October 20, 1975, setting no. 22."

Some time thereafter, the defendant's then counsel and a deputy prosecuting attorney engaged in plea bargaining negotiations. An understanding was apparently reached between counsel, and the defendant's then counsel believed Mr. Stanmore had agreed to it. The trial date was stricken, and on October 15 the prosecutor noted up a hearing for October 22 on a change of plea. At that hearing Mr. Stanmore expressed dissatisfaction with the bargained

arrangements, criticized his then counsel, sought a replacement, and expressed a desire to proceed to trial. Thereupon, the court appointed the defendant's present counsel, and the prosecution moved "for a continuance beyond the 60 days." The court refused to entertain argument on that motion until after newly–appointed counsel had had an opportunity to consult with Mr. Stanmore.

The motion was argued on October 29, at which time the court was advised that the defendant first appeared in court on September 9, but the court was not advised of the 18–day delay between the arrest and arraignment. Believing the 60–day period for a speedy trial commenced on September 9, the court set a new trial date for "the week of November 3rd in order to have it within the sixty days."

The defendant waived a jury trial, and on November 7, immediately preceding trial, he moved to have the charges dismissed because he had been denied a speedy trial as required by CrR 3.3. The court denied the motion, acquitted the defendant on the escape count, but convicted him on the assault charge.

CrR 3.3 mandates that criminal charges against a defendant unable to obtain pretrial release "shall be brought to trial within 60 days following the preliminary appearance." With the exception of specified excluded periods enumerated in CrR 3.3(d) or validly granted continuances authorized by CrR 3.3(e), a criminal charge against a defendant unable to obtain pretrial release "shall be dismissed with prejudice" unless brought to trial within 60 days of the preliminary appearance. CrR 3.3(g).

A preliminary appearance pursuant to JCrR 2.03, when made available to a defendant, triggers the time limits specified in CrR 3.3. *Seattle v. Crockett,* 87 Wn.2d 253, 551 P.2d 740 (1976). JCrR 2.03(a)(1) provides that a person arrested for any offense and not released "shall be taken without unnecessary delay before a judge" and "delay beyond the close of business of the judicial day next following the day of arrest shall be deemed unnecessary." A person not afforded a preliminary appearance as prescribed

by the rule shall be brought forthwith before the court which "shall order his immediate release, unless good cause to the contrary be shown." JCrR 2.03(c)(1).

In the case at bench, Mr. Stanmore was not afforded a preliminary appearance on August 25, 1975, the next judicial day following his arrest. Nor was he brought forthwith before the court. Indeed, no information charging him with a crime was filed until 18 days after his arrest, and then he was immediately brought before the court.

When the speedy trial rules have not been followed through no fault or connivance of the defendant, and there is a long delay after the filing of the information before the defendant is granted a preliminary appearance, the date the information was filed, not the date of the preliminary appearance, triggers the time period mandated by CrR 3.3. *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976). When a defendant is arrested and released on bond, without a preliminary appearance or the filing of an information, and the bond is exonerated before a charge is filed, the date of arrest (or conceivably the next judicial day) triggers the speedy trial time period, but the time between the exoneration of the bond and the filing of the information is excluded in calculating the time limits of CrR 3.3. *State v. Elizondo,* 85 Wn.2d 935, 540 P.2d 1370 (1975). *See State v. Striker, supra.*

When, as here, the speedy trial rules are not followed and there is a long delay, through no fault or connivance of the defendant, between the date of arrest and the preliminary appearance, the manifest policy (if not the precise standard) of the adopted rules demands that the time period commence on some date prior to the time the accused is belatedly presented to the court. Because the accused was held in custody for 18 days without either having an information filed against him or being brought before a court for preliminary appearance, the delay was "unnecessary" as defined by JCrR 2.03(a)(1); it was also unconscionable. Under those circumstances, the clearly manifested policy of the rules demands, for purposes of

triggering the time limits under CrR 3.3, the court consider that the preliminary appearance was held on the date on which it should have been held—the next judicial day following the day of arrest. Accordingly, the 60–day time period commenced to run on August 25, 1975, the Monday following Mr. Stanmore's arrest on the previous Friday.

On the 58th day following the commencement of the time period, Mr. Stanmore told the court he was dissatisfied with his previously appointed counsel and asked the court to replace him.

Patently, when the court granted the defendant's request, a continuance by the court on its own motion was required in the due administration of justice so long as the defendant was not otherwise prejudiced in the presentation of his defense. *See* CrR 3.3(e)(3). On the 58th day, new counsel (counsel on appeal), without the benefit of the results of an omnibus hearing or any other attempted discovery, assumed control of a case in which the accused was charged with two separate felonies.

It would have been imprudent for the court, even had it known that the 60 days were about to expire, to have demanded that counsel proceed to trial under those circumstances. Similarly, although counsel denies this, it would have been injudicious for him to have exposed his client to the perils of trial on such short notice without the benefit of a reasonable time for preparation.

Under the circumstances which existed at the time new counsel was appointed for Mr. Stanmore at his insistent request, the court was permitted to, and did, exercise reasonable and mature discretion as to the issue before it. At that time, the court refused to hear argument on the prosecution's motion. The court exercised sound discretion when it declared:

> As far as the trial date, Mr. Schaller, the Court will hear from you and Mr. Phillips later. I don't believe it is appropriate to do it now that I have allowed [previously appointed counsel] to withdraw and I don't want him to argue the motion. I don't think the matter of the trial

date should be argued at this time in the absence of Mr. Stanmore being represented by a lawyer. So the matter can come up later when Mr. Phillips has had an opportunity to talk to you.

We find the defendant was not denied a speedy trial as defined by CrR 3.3; nor was he deprived of the constitutional right to a speedy trial.

Judgment affirmed.

PEARSON and REED, JJ., concur.