**FILED**
**MARCH 26, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36550-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANTIAGO VASQUEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. —Santiago Vasquez appeals from the judgment and sentence imposed for his Douglas County convictions for attempting to elude a pursuing police vehicle, first degree unlawful possession of a firearm, and two counts of possession of controlled substances. He contends, and the State concedes, that remand is necessary to strike the requirement to pay supervision fees as determined by the Department of Corrections, and the interest accrual provision on legal financial obligations. We agree. We reject Vasquez's contentions raised in a statement of additional grounds for review.

FACTS AND PROCEDURE

In light of the limited issues raised by counsel, the facts leading to Santiago Vasquez's convictions lack importance. After the jury found him guilty of the eluding, unlawful firearm possession, and drug charges, the court imposed concurrent sentences totaling 87 months in prison and 12 months of community custody. In preprinted

language, the judgment and sentence orders Vasquez to "pay supervision fees as determined by DOC." Clerk's Papers (CP) at 58. The court found Vasquez indigent and imposed a $500 victim penalty assessment, the only fee requested by the State. A boilerplate paragraph in section 4.3 of the judgment and sentence requires accrual of interest on all legal financial obligations:

> The financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments. RCW 10.82.090.

CP at 61. The sentencing court imposed no restitution.

## ANALYSIS

Santiago Vasquez contends the DOC supervision fee and interest accrual provision must be struck from his judgment and sentence based on *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). The State concedes. We agree.

House Bill 1783, which became effective June 7, 2018, prohibits trial courts from imposing discretionary legal financial obligations on defendants who are indigent at the time of sentencing. LAWS OF 2018, ch. 269, § 6(3); *State v. Ramirez*, 191 Wn.2d at 746. *Ramirez* held that the amendment applies prospectively and is applicable to cases pending on direct review and not final when the amendment was enacted. *State v. Ramirez*, 191 Wn.2d at 747. Among the changes was an amendment to RCW 10.82.090(1) to provide that "[a]s of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." LAWS OF 2018, ch. 269, §§ 1, 17(2)(h), 18. Costs of community custody

2

are also discretionary, as provided in RCW 9.94A.703(2)(d). Unless waived by the court, the court shall order an offender to pay supervision fees as determined by the department. *State v. Lundstrom*, 6 Wn. App.2d 388, 396 n.3, 429 P.3d 1116 (2018), *review denied*, 193 Wn.2d 1007 (2019).

Santiago Vasquez's case is controlled by *Ramirez*. He was indigent throughout the trial court proceedings and remains indigent on appeal. The State concedes that the judgment language requiring interest on his legal financial obligations is error, and that the supervision fee is a discretionary one that the trial court did not intend to impose. Accordingly, the DOC supervision fee and interest accrual provision on Vasquez's financial obligations should be struck pursuant to *Ramirez*. Given that the corrections will involve no exercise of the court's discretion, Vasquez's presence is not required. *See State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811 (2011).

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Santiago Vasquez has filed a statement of additional grounds that raises two grounds for review.

In ground one, Santiago Vasquez contends his rights to due process and a speedy trial were violated because he did not receive a timely preliminary appearance and arraignment after his arrest in Douglas County on September 7, 2018, and his trial did not occur within the sixty day speedy trial period. He explains that, on his arrest, he was immediately transported to the Chelan County Jail, instead of the Okanogan County Jail

where Douglas County houses its prisoners on a contract, and that he did not receive a preliminary hearing until October 3, 2018. He contends that, had he been correctly processed, he would have been timely arraigned from the Okanogan County Jail within the seventy-two hours allotted by due process rights. We disagree.

The State of Washington filed the charging information against Santiago Vasquez on October 3, 2018, and he made his preliminary appearance on that date. The court determined probable cause, set bail, and appointed counsel for Vasquez. He was arraigned on an amended information on October 15, 2018. At arraignment, the speedy trial date was determined to be December 14, and trial was tentatively set for November 1. Defense counsel, Nick Yedinak, provisionally objected on the basis he was researching the accurate arraignment date based on due process concerns raised personally by Vasquez that his preliminary hearing was untimely.

On October 29, 2018, Nick Yedinak requested to continue the trial to November 5 so Santiago Vasquez could consider a plea offer from the State. Yedinak again expressed Vasquez's due process concerns, but told the court he perceived no violation. The court continued trial to December 13 because it would not have a jury on November 5, and Yedinak was unavailable for a November 15 trial setting. There was no objection.

In a November 5, 2018 status hearing, Nick Yedinak told the court the county prosecutor had informed him that Vasquez was arrested on a DOC warrant when he was apprehended for the current crimes on September 7. He then served a 25-day DOC jail

4

sanction in the Chelan County Jail before receiving his preliminary hearing on the current charges. Yedinak said he considered this a violation of the timely first appearance rule under 3.2.1(d), but not a speedy trial concern. The State disagreed with any violation. The trial court stated it would entertain a speedy trial issue if a motion was filed, but the trial would proceed. Vasquez did not file a speedy trial motion. The case proceeded to trial on December 13. Yedinak renewed Vasquez's objection to the untimely preliminary appearance and moved for dismissal. The court denied the motion on the basis the trial was within the speedy trial period.

CrR 3.2.1(d) requires that a defendant detained in jail be brought before the court for a preliminary appearance before the close of the business on the next court day after the detention was commenced. CrR 3.2.1(f) provides for a 72-hour time limit, exclusive of weekend days and holidays, for detaining the accused in jail unless an information is filed. CrR 4.1(a) requires that a defendant detained in jail be arraigned not later than fourteen days after the information is filed. If a party objects to the arraignment date, the court must establish and announce the proper date of arraignment and that date shall constitute the arraignment date for purposes of CrR 3.3. *Id.* If a party fails to object, the arraignment date shall be conclusively established as the date the defendant was actually arraigned. CrR 4.1(b). Under Cr 3.3(c)(1), the initial speedy trial commencement date is the date of arraignment as determined under CrR 4.1.

Although Santiago Vasquez was arrested on September 7, 2018, the only indication in our record is that he was arrested on a DOC warrant and served a 25-day jail sanction ending October 2. The current charges were filed on October 3, and Vasquez received his preliminary appearance that day. He was arraigned on October 15. Nick Yedinak ultimately found no grounds to challenge the arraignment date or the December 14 speedy trial date. Continuances of the original November 1 trial date were at defense request and by the court for administrative reasons. Both were proper under CrR 3.3(f)(2). Vasquez did not object to resetting the trial to December 13, and he did not file a speedy trial motion. He did not preserve a speedy trial claim. CrR 3.3(d)(2).

With respect to the timing of Santiago Vasquez's preliminary appearance, the rule itself does not contemplate dismissal as a remedy for a violation—only release from custody. CrR 3.2.1(f). At best, caselaw indicates that a speedy appearance violation merely starts the sixty day CrR 3.3 speedy trial time period running at the time the defendant should have received a preliminary appearance. *See State v. Lewis*, 19 Wn. App. 35, 45, 573 P.2d 1347, 1353 (1978); *State v. Stanmore*, 17 Wn. App. 61, 562 P.2d 251 (1977). Nevertheless, our record does not show that Vasquez was not detained and charged for the current crimes until October 3, the date he also received his preliminary appearance. He shows no violation. In any event, even if he was detained on the current criminal charges on September 7 and should have received a preliminary appearance the

next day, his initial November 1 trial setting was still within sixty days. As discussed, continuances thereafter did not implicate his speedy trial rights.

In ground two, Santiago Vasquez contends he received ineffective assistance of counsel from Nick Yedinak. He claims Yedinak failed to preserve his speedy trial rights, showed no interest in the case, and failed to communicate or consult with him enough times to set up a plausible defense. We have reviewed the record and find no deficient performance by counsel under the standards in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984). Vasquez shows no grounds for relief.

We remand to strike the community supervision fees and interest accrual provision in the judgment and sentence. We otherwise affirm the judgment and sentence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____      _____
Siddoway, J.                          Pennell, C.J.

7