[No. 43970. En Banc. May 20, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. CYNTHIA WEHRHEIM PARMELE, *Appellant*.

*Peter Guy Rothschild* of *Snohomish County Public Defender,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* for respondent.

*Christopher T. Bayley, Prosecuting Attorney for King County, David Boerner, Chief Deputy,* and *Betsy Hollingsworth, Deputy,* amici curiae.

This opinion was prepared by the late Justice Robert C. Finley. It is adopted by the undersigned Justices as the opinion of this Court.

This appeal, from a conviction by the trial court for delivery of a controlled substance, seeks dismissal of a criminal charge because of alleged violation of CrR 3.3(b), *i.e.,* failure to bring the defendant to trial within 90 days following her preliminary appearance. The following events set the stage for the appeal in the instant case:

1. April 15, 1975. The defendant was arrested for delivery of a controlled substance, namely, the sale of a "dime bag of speed."

2. April 16, 1975. The defendant was given a preliminary appearance before the Everett District Court pursuant to JCrR 2.03. She was not formally charged with a crime, but was informed that she was under arrest for the offense of "Delivery of a Controlled Substance." She was released on her personal recognizance subject to a "Provisional Order of Release and Exoneration." The order of release provided: (1) The defendant was to be released from jail on April 18, 1975,[1] if not charged by a complaint filed in court at that time; and (2) defendant's bond and/or bail was to be exonerated unless a complaint was filed by April 30,

---

[1] This date was typed in prior to the preliminary appearance.

1975. The provisional order further provided that defendant was released subject to the following conditions: (1) remain at address given, (2) return to court, (3) release on personal recognizance, (4) report to assigned counsel, and (5) keep in contact with attorney.

3. August 8, 1975. An information was filed charging defendant with the delivery of a controlled substance.

4. September 18, 1975. Defendant filed a motion to dismiss the charge.

5. September 19, 1975. Defendant's motion to dismiss was denied.

6. October 6, 1975. Defendant was found guilty by the court, given a deferred sentence, and placed on probation for 2 years.

We affirm the denial of the motion to dismiss.

CrR 3.3(b) provides:

A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

CrR 3.3(f) provides:

A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice.

The defendant contends that the trial court erred in concluding that the order of provisional release (1) exonerated the defendant's personal recognizance on April 30, 1975, and (2) relieved the defendant of any legal disability or obligation to the court resulting from her April 16, 1975, arrest. Although bail was not set and posted in the instant case, defendant claims that the provisional order of release and exoneration applied only to the exoneration of bail or bond, and not to the conditions upon which the defendant was released on personal recognizance. Defendant argues that, in the absence of a complaint having been filed, it is logical for the court to establish a procedure so that it need not administer sums of money or their equivalent. On the other hand, defendant argues, the court does not have to "administer" defendant's release on personal recognizance so there is no reason to exonerate or nullify the conditions

upon which a person is released on personal recognizance.

An appearance in justice court pursuant to JCrR 2.03 triggers the time limits of CrR 3.3(b). *State v. Elizondo*, 85 Wn.2d 935, 937, 540 P.2d 1370 (1975). In the *Elizondo* case, although the court did not decide whether the "held to answer" concept is implicit in CrR 3.3, it approved of the concept as recognized by the American Bar Association in its Standards Relating to Speedy Trial (Approved Draft No. 19 (1968)). The commentary indicates that if at the time of filing of a criminal charge a defendant is being "held to answer"—whether in custody or released on bail or personal recognizance—for a crime, then the time for trial commences to run from the date the defendant was held to answer. *Accord, State v. Elizondo, supra.*

The crucial question, then, is: What was the status of the defendant on April 30, 1975? The defendant was not in custody. It is clear from the face of the order that, since the complaint had not been filed, any bail or bond would have been exonerated on April 30, 1975. But the order did not expressly state that the conditions under which the defendant was released on personal recognizance also were exonerated or nullified on April 30, 1975. Thus arises the ambiguity.

Defendant's contention may be well taken, but it sidesteps or overlooks the basic nature of the order. The order of release *was provisional*, *i.e.*, subject to change or nullification. The factor upon which its conditional character depends was the act of filing of a complaint. If no complaint was filed on the dates provided in the order, then the following events occurred either expressly or by necessary implication: (1) the defendant was released from jail; (2) the defendant's bond and/or bail was exonerated; and (3) the conditions upon which defendant was released on personal recognizance implicitly expired at the same time that the bond or bail was exonerated, in the absence of a later date on the face of the order. It would be absurd to assume that, subject to various conditions or restraints, the court would have released the defendant for an indefinite period

of time on personal recognizance not knowing whether the prosecuting attorney would ever file a complaint. This effectively would have placed the defendant on a treadmill to oblivion. We cannot presume that the court intended to place such a restraint, amorphous in time, on the defendant's liberty.

Accordingly, the only logical conclusion is that the defendant was not "held to answer" or subject to the control of the court from May 1, 1975, to August 8, 1975. The defendant was brought to trial within 90 days pursuant to CrR 3.3(b).

The judgment of the trial court is affirmed.

It is so ordered.

STAFFORD, C.J., HAMILTON, WRIGHT, and BRACHTENBACH, JJ., and RUMMEL, J. Pro Tem., concur.

ROSELLINI, J. (dissenting)—I must reiterate the position which I took in *State v. Elizondo*, 85 Wn.2d 935, 540 P.2d 1370 (1975), in which Justices Stafford, Hamilton, and Utter joined me in dissenting. CrR 3.3 provides that a criminal charge shall be brought to trial within 90 days following the preliminary appearance. This rule is not conditioned upon the defendant's being "held to answer" in the interim. A preliminary appearance must be held before the close of business of the next judicial day following the day of arrest. JCrR 2.03.

The appellant here was charged with a crime 4 months after her preliminary appearance. She timely moved to dismiss the charge with prejudice. The trial took place nearly 6 months after the date of the preliminary appearance. Under the rules laid down by this court to provide for speedy trials, her motion should have been granted.

The majority assumes that the comments to the ABA Standards Relating to Speedy Trial have been incorporated in our rules. If so, it has been done *sub silentio*, and I do not believe that either lawyers or laymen should be expected to read into the rules qualifications or modifications which this court did not see fit to promulgate.

After all, we wrote the rules. We put there what we felt should be included, and presumably we omitted what we felt should be omitted. In requiring that criminal defendants be brought to trial within 90 days from the date of the preliminary appearance, we did not make any exceptions to the rule other than those which are set forth in the rule. CrR 3.3(d). Certain periods are expressly excluded. Espressio unius est exclusio alterius. Continuances can be obtained, but they must be sought in the superior court, and the grounds for such continuances are set forth in the rule. CrR 3.3(e).

Significantly, the majority opinion makes no reference to the rule governing pretrial release. This is CrR 3.2. It provides for revocation of a pretrial release on personal recognizance, but it does not provide for exoneration of the release prior to trial or dismissal. This may well be the reason why the trial court did not provide for exoneration of the conditions of the release. Whatever the reason, the court did not include such a provision in its order, and it would seem to me that it is inviting defiance of court orders to suggest that the appellant was entitled to disregard the conditions of her release when a complaint was not filed by April 30, 1975.

Just as judges are supposed to give words in rules and statutes their ordinary meaning, the layman subject to the orders of the court should be entitled to assume that words used in an order carry their ordinary meaning. If the appellant or her attorney thought that the order was intended to provide for her exoneration from the conditions of the release after April 30, 1975, if no complaint was filed, the court should have been asked to clarify the order; but I think it would have been risky indeed to presume that the appellant could safely flee the country with no fear of arrest.

In any event I do not think that our rule can be construed to require a speedy trial only where the accused is held in custody or released on recognizance or bond. After all, this court wrote the rules. If it thinks they are inade-

145

quate or inappropriate, it should rewrite them. But it ought not to read into them provisions which are not there and read out of them the words that are written. They are complicated enough as they are. To further obscure them is to bring into focus the question whether the court itself, in its rule making operations, is not bordering on the denial of due process of law.

I would order the charge dismissed.

UTTER and HOROWITZ, JJ., concur with ROSELLINI, J.