[No. 3065-1.  Division One.  June 14, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR D. WATSON III, *Appellant.*

*Peter Guy Rothschild* of *Snohomish County Public Defender,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *Donald J. Hale, Deputy,* for respondent.

ANDERSEN, J.—

FACTS OF CASE

Arthur D. Watson III (defendant) was arrested and booked into the Snohomish County jail on December 19, 1973, on suspicion of assault in the second degree.

On the day of his arrest, the defendant was taken before the Everett District Justice Court. There bail was set at $1,500 and an order used in Snohomish County practice, termed a "Provisional Order of Release and Exoneration," was entered by the district court judge. The order provided in part that

> [i]f you are not charged by complaint, filed in this court, by the dates set forth in the Order of Release you will be released from custody and your bail bond shall be exonerated by the Court.
> It is hereby ordered that the Defendant shall be released from jail at noon on 12-21-73 unless a complaint has been filed in the Everett District Court. The Defendant's bond and/or bail shall be exonerated unless a complaint has been filed at noon on January 3, 1974.

No charges were filed prior to the jail release date set in the order. The defendant was not released at the time provided in the order, however, because a parole violation detainer was filed before the release date therein set. The detainer was filed in connection with a forgery conviction from which the defendant was on parole at the time of the alleged assault.

No assault charge was ever filed against the defendant in the Everett District Justice Court. On January 4, 1974, however, an information charging the defendant with the crime of assault in the second degree was filed directly in the Superior Court for Snohomish County by the prosecuting attorney of that county. Although the defendant was in custody, no arrest warrant on the assault charge was then

issued or served on the defendant. The defendant's parole on his earlier forgery conviction was revoked and on January 22, 1974, he was transferred from the Snohomish County jail to a state institution for additional incarceration on the forgery charge. At the time of his transfer to a state institution, he had not been arraigned on the assault charge.

Some months later the defendant was ordered returned to the Snohomish County jail by the Superior Court. On April 17, 1974, he was arraigned on the assault charge which by then had been reduced to assault in the third degree by the prosecuting attorney.

Prior to trial on the assault case, defendant's counsel timely moved to dismiss that charge based on the provisions of CrR 3.3 entitling the defendant to a speedy trial. The motion was denied. On June 4, 1974, a trial was held and the defendant was convicted of assault in the third degree as charged.

The defendant appealed to this court and our initial decision in the case was by an unpublished per curiam opinion, 14 Wn. App. 1005 (1975). Thereafter we granted a rehearing and the present opinion replaces our previous per curiam opinion.

This case turns on the resolution of a single issue.

## ISSUE

Does a person's appearance in a court prior to being charged constitute a "preliminary appearance" within the contemplation of CrR 3.3 so as to start the time limitations contained within that speedy trial rule to commence running?

## DECISION

CONCLUSION. A person's appearance in court prior to being charged does not constitute a "preliminary appearance" for the purpose of commencing the running of the timely trial limits of CrR 3.3, unless that person was being held to answer for the offense in question at the time of such appearance. The defendant was not being held to answer at the time he was taken before the Everett District

Justice Court in the present case; therefore, the timely trial limits of CrR 3.3 did not begin to run at that time.

The right of an accused to a speedy trial is guaranteed by both our federal and state constitutions. Const. art 1, § 22; U.S. Const. amend. 6.

The purpose of CrR 3.3 is to insure speedy justice in criminal cases insofar as reasonably possible. *State v. Williams*, 85 Wn.2d 29, 32, 530 P.2d 225 (1975).

As the drafters of CrR 3.3 have expressed it, it "is designed to maintain flexibility, yet establish *minimal* guidelines as to what constitutes a 'speedy trial.'" *Criminal Rules Task Force, Washington Proposed Rules of Criminal Procedure* 30 (1971).

For persons in custody, such as the defendant, the rule requires that "[a] defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance." CrR 3.3(c). It further provides, subject to certain exceptions which do not pertain to this case, that "[a] criminal charge not brought to trial as required by this rule shall be dismissed with prejudice." CrR 3.3(g). When the mandate of this rule has not been complied with, dismissal is required whether the defendant has been prejudiced or not. *State v. Williams, supra.*

By the terms of CrR 3.3, the time limitations therein specified commence running at the accused's "preliminary appearance." As declared by the drafters of the rule, "[u]se of the term 'preliminary appearance' [was] intended to obviate many definitional difficulties in the uses of such terms as 'arrest' or 'custody.'" *Criminal Rules Task Force, Washington Proposed Rules of Criminal Procedure* 31 (1971). Unfortunately, the term "preliminary appearance" is not defined in the rules with specificity. *See* JCrR 2.03. This has given rise to some question as to precisely what it is that constitutes a "preliminary appearance" so as to start the running of the time limits specified in CrR 3.3. That this is a matter of some importance is amply demonstrated by the mandatory dismissal provisions of the rule and the

amount of litigation engendered thereby since adoption of the rule.

This has now been clarified by the holding of our State Supreme Court in *State v. Parmele*, 87 Wn.2d 139, 550 P.2d 536 (1976). It was there determined that the "held to answer" concept is implicit in CrR 3.3. Thus, a person's appearance in court prior to being charged does not constitute a "preliminary appearance" for the purpose of commencing the timely limits of CrR 3.3 to run, unless that person was held to answer for the offense in question at the time of the preliminary appearance, whether such person was held in custody or was released on bail or personal recognizance. *State v. Parmele, supra. See also, State v. Elizondo*, 85 Wn.2d 935, 540 P.2d 1370 (1975).

When the defendant was taken to court on the day of his arrest for assault and the provisional order of release and exoneration was entered, no charge had been filed and he was not then being "held to answer" on the assault charge. Since assault charges were not filed immediately, the defendant would have been released from jail on December 21, 1973, and if on bond, his bond would have been exonerated on January 3, 1974, were it not for the parole detainer followed by the parole revocation in connection with his earlier forgery sentence.

Although assault charges were filed on January 4, 1974, the defendant was not "held to answer" in connection with that charge until he was ultimately returned to Snohomish County and arraigned on the assault charge on April 17, 1974. The defendant's trial on June 4, 1974, was well within 60 days of April 17; therefore, the time requirements of CrR 3.3 were complied with.

The trial court did not err in denying defendant's motion to dismiss.

Affirmed.

WILLIAMS, C.J., and CALLOW, J., concur.

Petition for rehearing denied October 11, 1976.

Review by Supreme Court pending February 10, 1977.