[No. 4116-1.   Division One.   January 24, 1977.]

*In the Matter of the Application for a Writ of Habeas Corpus of* BRUCE NORMEN WILHELM, *Appellant*, v. J. J. HARVEY, *Respondent.*

*Senter & Miller* and *Bardell D. Miller,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *David G. Metcalf, Deputy,* for respondent.

JAMES, J.—On May 12, 1975, defendant Bruce Wilhelm was arrested by officers of the Snohomish County Sheriff's Office upon probable cause for the commission of the crime of grand larceny by possession. On May 13, he was charged by justice court complaint with two felonies: grand larceny by possession and being a felon in possession of a firearm. Bail was fixed but he remained in custody continuously until August 7, 1975. On August 7, he petitioned for a writ of habeas corpus alleging that both the 60- and 90-day time limits of CrR 3.3[1] required dismissal of the charges against him. The parties have agreed that a trial would not have occurred within the 90-day time limit. He appeals from the denial of his petition. We affirm.

The single issue presented is whether the trial court erred in ruling that the period of time between the dismissal of the justice court complaint on May 27, 1975, and

---

[1]CrR 3.3 states in part:

"(a) **Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"(b) **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

"(c) **Priority over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

"(d) **Excluded Periods.** The following periods shall be excluded in computing the time for trial:

"(1) All proceedings relating to the competency of the defendant to stand trial.

"(2) Preliminary proceedings and trial on another charge.

"(3) Delay granted by the court pursuant to section (e).

"(4) Delay in justice court resulting from a stipulated continuance made of record.

"(5) The time between the dismissal and the refiling of the same charge.

"(e) **Continuances.** . . .

"(f) **Absence of Defendant.** . . .

"(g) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

the filing of a superior court information on July 24, 1975, should be excluded for the purposes of determining whether the charges against him should be dismissed with prejudice pursuant to CrR 3.3.

The appeal is presented to us upon an agreed statement of facts. Wilhelm was a parolee from Oregon being supervised by Washington parole officers pursuant to the terms of the interstate compact for the out-of-state supervision of parolees and probationers (RCW 9.95B). After his arrest on May 12, a parole detainer was lodged against him. On May 15, he was served with notice that the alleged violations of his parole were the commission of the crimes charged in the justice court complaint. The effect of the detainer was to cause Wilhelm to be held in the Snohomish County Jail without bail pending a hearing to determine whether there was probable cause to believe that he had violated the terms of his parole and whether there was reason to believe that the violations were of such a nature that revocation of his parole should be considered (RCW 9.95B.010).

A parole revocation hearing was held on May 20, but a ruling by the hearing examiner determining that probable cause existed to hold Wilhelm was not made until June 4, 1975.

On May 27, the district court judge dismissed the justice court complaint for the stated reason that no further action had been taken by the prosecuting attorney.

On June 20, Wilhelm's codefendant, James Sylvester, was charged by information in the Snohomish County Superior Court with grand larceny by possession.

On July 22, Wilhelm sought release from the parole hold alleging that he had been held in jail more than 30 days by virtue of the Oregon parole detainer; that such period of time was unreasonable; and that he should be released from custody.

On July 24, the information charging Sylvester was amended to add Wilhelm as a codefendant. Wilhelm ap-

peared in court on that date with counsel and was arraigned.

On July 28, the Snohomish County Superior Court granted Wilhelm's petition releasing him from the parole hold.

The agreed statement of facts recites that

[t]he defendant Wilhelm was incarcerated in the Snohomish County jail continuously from May 12, 1975 until August 7, 1975, which constituted a total period of incarceration of 88 days. For purposes of this appeal it is agreed that the ruling of August 7, 1975 [the order, here appealed, denying Wilhelm's petition for a writ of habeas corpus] may be deemed to have been made on August 10th—i.e., 91 days after the defendant was first incarcerated.

CrR 3.3(d)(5) provides that "[t]he time between the dismissal and the refiling of the same charge" shall be excluded when computing the time for trial. The foregoing chronological recital of the times significant to CrR 3.3's speedy trial "time clock" discloses that the period of time between May 27 (the dismissal of the charges by the district court judge) and July 24 (the filing of the information) was 58 days. If the 58 days were properly excluded in computing "the time for trial" (CrR 3.3(d)), a dismissal of the charges against Wilhelm was not required by CrR 3.3(g).

Wilhelm contends that CrR 3.3(d)(5) is inapplicable because dismissal of a felony charge is beyond the power of a district court. He points out that the Justice Court Criminal Rules (JCrR) make no provision for a justice court dismissal of a felony complaint other than pursuant to a finding that probable cause does not exist. He further points out that by CrR 8.3(a), the superior court is empowered to dismiss "an indictment, information or *complaint*." (Italics ours.)

Wilhelm reasons that *only* the superior court has the power to dismiss a *felony* complaint. He points out that under CrR 8.3, a superior court dismissal must be either pursuant to a written motion of the prosecuting attorney

setting forth the reasons therefor or upon the court's own motion after notice and hearing. Wilhelm argues that since the district court

> does not have jurisdiction to determine guilt or innocence in a felony case or even to accept a plea, it does not logically follow that such a court, whose jurisdiction in felony cases is limited to conducting a preliminary hearing pursuant to the provisions of JCrR 2.03(d), has the jurisdiction to dismiss a felony complaint.

We do not agree.

A criminal complaint charging a felony invokes the exercise of limited jurisdiction by a justice court. JCrR 2.03(d)(1) provides that "[w]hen a felony complaint is filed, the court may conduct a preliminary hearing to determine whether there is probable cause to believe that the defendant has committed a felony." The rule further provides that "[i]f the court finds probable cause, an information shall be filed without unnecessary delay . . ." JCrR 2.03(d)(2). The rule further provides that if "the court finds that probable cause does not exist, the charge shall be dismissed, . . ." JCrR 2.03(d)(5).

In *State v. Kanistanaux*, 68 Wn.2d 652, 414 P.2d 784 (1966), it is pointed out that in *Ocampo v. United States*, 234 U.S. 91, 58 L. Ed. 1231, 34 S. Ct. 712 (1914), the United States Supreme Court held that the function of determining whether or not there is probable cause to believe that a suspect has committed a felony "is only quasi-judicial, and *not* such that, because of its nature, it must necessarily be confided to a strictly judicial officer or tribunal." (Italics ours.) *State v. Kanistanaux, supra* at 658. Under Washington's statutory scheme, a prosecutor may elect to charge a felony by information filed directly in superior court. It necessarily follows that in the absence of statutory proscription, a prosecutor may abort a justice court preliminary hearing at any time he chooses to do so. In this case, the stated reason for the dismissal by the district court was the prosecutor's election to take no further action in the justice court.

Wilhelm further argues that, in fact, he was "unable to obtain pretrial release" (CrR 3.3(c)) solely because of the single charge which produced both the complaint and the parole detainer and that the dismissal of the justice court complaint should, therefore, be disregarded.

The State points out that Wilhelm was a parolee from the state of Oregon and that the prosecutor in this case had no part in the parole proceedings. The Uniform Act for Out-of-State Supervision (RCW 9.95.270) is administered in this state, not by county prosecutors, but by parole officers appointed by the Governor. Only officers of a "sending state," in this case Oregon, have the authority to determine whether or not "retaking or reincarceration" is appropriate (RCW 9.95B.010).

We hold that the district court had the inherent power to dismiss the probable cause hearing and clear its docket when the prosecuting attorney failed to take further action. The dismissal of the justice court complaint suspended the running of the time requirements of CrR 3.3 as they applied to the felonies charged in the complaint against Wilhelm. The parole detainer did not nullify the exclusionary operation of CrR 3.3(d).

Affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied August 30, 1977.