[No. 4866–1.   Division One.   August 1, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN WARREN BALLACK, *Appellant*.

*Abbey, Strand & Fox* and *Vincent H. D. Abbey,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Kenneth W. Sharaga, Deputy,* for respondent.

FARRIS, C.J.—John Warren Ballack appeals from a judgment and sentence entered upon a jury verdict finding him guilty of one count of conspiracy and two counts of fraudulent appropriation of property by a public officer.

He raises two issues on appeal: (1) whether the period of time between his second appearance in justice court on June 26, 1975, and the filing of an information in Superior Court on January 26, 1976, is excluded under CrR 3.3, the speedy trial rule; and (2) whether the trial court erred in allowing the results of an audit of used bridge tickets on the ground that the chain of custody of the physical evidence upon which the audit was based had not been established.

Ballack's first contention is that he was denied his right to a speedy trial as defined in CrR 3.3 and the federal and state constitutions. The facts concerning this issue are undisputed. On June 19, 1975, Ballack was arrested for suspicion of conspiracy and grand larceny. On the following day, he was arraigned in Seattle District Court. He was released on his personal recognizance and told to appear on June 26, 1975, to be arraigned on any charge that had been filed. On June 26, Ballack appeared in Seattle District Court; however, because no charges had been filed, the District Court entered an order which provided:

IT IS HEREBY ORDERED—that the above named defendant, arrested on 19th day of June 1975 for investigation of / on a complaint charging the offense of Inv. Grand Larceny, Inv. Conspiracy be released from___Seattle jail, XX King County jail, on the following conditions pursuant to JCrR 2.09:

___ NONE as defendant is in court on initial appearance and the State claims that no charges may be filed against the defendant.

_x_ NONE as no complaint has been filed within the required time since defendant's initial appearance before the court.

___ On Personal Recognizance.

___ The execution of an unsecured appearance bond in the amount of $___

___ The execution of an appearance bond in the amount of $___, and in addition the deposit of a cash sum equal to ___% (not to exceed 10%) of the bond.

___ The execution of a surety bond in the amount of $___ or posting of cash in the amount of $___

___ The court having determined that such release will not reasonably assure the appearance of the defendant when required imposes the following restrictive conditions:

> ___ To be released to the supervision of ___ who has agreed in writing / orally to supervise the defendant.
>
> ___ Travel is restricted to ___
>
> ___ Association is restricted to ___
>
> ___ Place of abode or residence is restricted to ___
>
> ___ The defendant is to return to custody in the King County jail from the hour of ___ to the hour of ___, except ___
>
> ___ Attachment of additional restrictive conditions of release.
>
> ___ On the condition the defendant is to return to this courtroom to be arrainged [sic] on the charge on ___ day of ___, 197_, at the hour of 3:00 P.M.
>
> ___ On the condition that the defendant is to return to the courtroom of Judge ___, Room No. ___, King County Courthouse, 3rd and James, on the ___ day of ___, 197_,

at the hour of ___ A.M. / P.M., for the trial or hearing.

DATED this 26th day of June, 1975, at the hour of 3:00 P.M.

/s/ Betty Taylor Howard

I have read the above conditions of release and any other conditions of release that may be attached. I agree to follow said conditions and understand that any violation may lead to the forfeiture of any bond posted and to the issuance of a warrant for my arrest immediately upon any violation; and that I am subject to immediate arrest by any law enforcement officer believing that I am about to leave the State or have violated a condition on the attachment of additional restrictive conditions of release. I have received a copy of this Order and will keep it with me.

Address 9630 238th SW EDMONDS Phone 542-6844

Defendant    John W. Ballack

An information formally charging Ballack was filed in Superior Court on January 26, 1976. He was arraigned on January 30, and on the same day, filed a motion to dismiss, alleging that he was denied his right to a speedy trial.

Ballack contends that the period of time between his release on June 26, 1975, and the filing of the information on January 27, 1976, should be included for purposes of determining whether he was denied his right to speedy trial. We disagree. In *State v. Elizondo*, 85 Wn.2d 935, 540 P.2d 1370 (1975), the Supreme Court held that the time between the exoneration of the bond and the filing of the charge is excluded for purposes of CrR 3.3. *See State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976); *State v. Watson*, 15 Wn. App. 629, 551 P.2d 133 (1976). In *State v. Parmele*, 87 Wn.2d 139, 142, 550 P.2d 536 (1976), the court stated:

An appearance in justice court pursuant to JCrR 2.03 triggers the time limits of CrR 3.3(b). . . . In the *Elizondo* case, although the court did not decide whether the "held to answer" concept is implicit in CrR 3.3, it

approved of the concept as recognized by the American Bar Association in its Standards Relating to Speedy Trial (Approved Draft No. 19 (1968)). The commentary indicates that if at the time of filing of a criminal charge a defendant is being "held to answer"—whether in custody or released on bail or personal recognizance—for a crime, then the time for trial commences to run from the date the defendant was held to answer.

(Citations omitted.) In *Parmele,* the court held that the defendant was not "held to answer" subsequent to May 1, 1975, under a provisional order of release and exoneration providing that the defendant was to be released from jail and his bond exonerated unless a complaint was filed by April 30, 1975.

■ The critical question here is whether Ballack was "held to answer" subsequent to the entry of the order of release on June 26, 1975. On June 26, the trial court ordered Ballack released from King County jail on the following conditions: "NONE as no complaint has been filed within the required time since defendant's initial appearance before the court." Under the terms of this order, Ballack "was no longer subject to any restraint." *State v. Elizondo, supra* at 938. Ballack contends that, because he read and signed the following postscript, he was subject to restraint:

I have read the above conditions of release and any other conditions of release that may be attached. I agree to follow said conditions and understand that any violation may lead to the forfeiture of any bond posted and to the issuance of a warrant for my arrest immediately upon any violation; and that I am subject to immediate arrest by any law enforcement officer believing that I am about to leave the State or have violated a condition on the attachment of additional restrictive conditions of release. I have received a copy of this Order and will keep it with me.

The form is unclear and should be amended. On its face, the postscript might appear inconsistent with the trial court's order that the defendant be released under no conditions. However, the postscript applies only if a defendant

is conditionally released; if so, he is then required to read and sign the postscript. If there are no conditions of release, the postscript has no operative effect. Since Ballack was unconditionally released subsequent to June 26, 1975, he was not "held to answer," and the period from June 26, 1975, until the filing of the information on January 26, 1976, is excluded for purposes of CrR 3.3.

Ballack further relies on *Dillingham v. United States,* 423 U.S. 64, 46 L. Ed. 2d 205, 96 S. Ct. 303 (1975) to support his contention that the delay between his arrest and the filing of the information should be counted for purposes of determining whether he was denied his right to a speedy trial. *Dillingham* does not support Ballack's argument. In *Dillingham,* the United States Supreme Court clarified their holding in *United States v. Marion,* 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971) as to when the Sixth Amendment right to a speedy trial attaches. The court held that, because Dillingham had been arrested, he was an "accused" for purposes of the Sixth Amendment right to a speedy trial. This holding is consistent with the term "preliminary appearance," which commences the running of the time limitations of CrR 3.3. *See State v. Striker, supra; State v. Watson, supra.* In *Dillingham,* the United States Supreme Court was concerned with the Sixth Amendment right to speedy trial, not the right defined under a court rule such as CrR 3.3. Although CrR 3.3 is a means of effectuating the constitutional right to a speedy trial as defined in the Sixth Amendment and in article 1, section 22 of the Washington State Constitution, different considerations apply in determining whether there has been a constitutional violation. *State v. Franulovich,* 18 Wn. App. 290, 567 P.2d 264 (1977). Here, there is no basis for a contention that Ballack has been denied his constitutional right to a speedy trial. *See Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *Smith v. Hooey,* 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575 (1969).

Ballack's second assignment of error is that the trial court "erroneously permitted the testimony of John Miller

. . . about audits conducted by him on June 2, 1975 and again on July 7, 1975, with respect to tickets that were missing . . ." Although Ballack assigns as error the admissibility of Miller's testimony, he fails to cite authority to support his contention that the admissibility of this testimony was error. The cases cited refer to the introduction of "physical evidence," and not to testimony which may be based upon physical evidence. In any event, the admissibility of this testimony was within the sound discretion of the trial judge and will not be disturbed on appeal absent a manifest abuse of discretion. Ballack's contention that the auditor's testimony was inadmissible because the audit took place after his arrest, and that other persons may have had access to the storage room, goes to the weight to be given to the testimony and not to its admissibility.

Affirmed.

CALLOW and ANDERSEN, JJ., concur.

Reconsideration denied September 28, 1977.

Review denied by Supreme Court April 7, 1978.