[No. 5242-1.   Division One.   April 3, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT L. WIEMAN, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. RANDY BREWINGTON, *Appellant.*

*Peter G. Rothschild,* for appellants (appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney,* and *John F. Segelbaum, Deputy,* for respondent.

SWANSON, J.—Appellants Robert Wieman and Randy Brewington appeal separate and distinct criminal convictions on the sole ground that each was denied his right to a speedy trial.

At issue is CrR 3.3 which requires criminal charges be brought to trial within 90 days of preliminary appearance.

CrR 3.3(b). The rule excludes certain periods from computation, however, including "[t]he time between the dismissal and the refiling of the same charge." CrR 3.3(d)(5).

A summary of material facts follows. Robert Wieman was arrested on a charge of second–degree burglary on July 13, 1975, and appeared in Everett District Court on July 15, 1975. On July 29, in accordance with the order of July 15, Wieman's personal recognizance release was exonerated because no complaint had been filed.[1] On August 25, 1975, a complaint was filed in Everett District Court but was dismissed on the State's motion on September 23, 1975. Over a year later an information was filed in superior court on October 8, 1976, and on November 12, 1976, the trial court heard and denied Wieman's motion to dismiss.

Randy Brewington was arrested pursuant to a warrant on a charge of passing a forged prescription and was arraigned in Everett District Court on September 26, 1975. On October 14, the court dismissed the case for lack of prosecution by the State. On August 11, 1976, the State filed an information based upon the same alleged offense, for which appellant Brewington was tried and convicted on October 19, 1976.

We interpret appellants' position to raise two issues. First, did the procedure followed comply with the *statutory* right to a speedy trial provided by CrR 3.3? If so, does the procedure nonetheless infringe upon appellants' *constitutional* right to a speedy trial?

CrR 3.3 provides:

> (a) . . . It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.
> (b) . . . A criminal charge shall be brought to trial within 90 days following the preliminary appearance.
> . . .

---

[1] As regards the period between appellant Wieman's exoneration of personal recognizance and the initial filing of a complaint, the trial court correctly concluded that the decision in *State v. Parmele*, 87 Wn.2d 139, 550 P.2d 536 (1976), controls; thus, that time span is not included within the CrR 3.3 90–day rule.

**(d)** . . . The following periods shall be excluded in computing the time for trial:

. . .

(5) . . . The time between the dismissal and the refiling of the same charge.

■ In both instances before us, a violation of the 90–day speedy trial rule occurs only if we compute the months between the dismissals of the charges and their refilings within the CrR 3.3 time period.[2] CrR 3.3(d)(5) specifically excludes such periods. We must construe a court rule to effect its plain meaning when clear. *State v. Durham,* 13 Wn. App. 675, 679, 537 P.2d 816 (1975). Thus, the procedure followed in both cases herein did not violate the speedy trial rule of CrR 3.3. *See Wilhelm v. Harvey,* 16 Wn. App. 802, 559 P.2d 597 (1977).

Appellants further imply that the degree of control over criminal procedure afforded the prosecutor by CrR 3.3(d)(5) constitutes an infringement of their constitutional right to a speedy trial. Const. art. 1, § 22. Appellants offer a sample of Everett District Court reports which show that the type of prosecutorial inaction and refiling complained of is not unique. This court does not approve of, nor condone, such procedure by the State, but recognizes it to be under the aegis of CrR 3.3(d)(5) as written. For such procedure to constitute an infringement of the constitutional guaranty of a speedy trial, appellants must offer more than such a recitation of habitual delay by the State.

■ This follows because CrR 3.3 is not a substitute for the constitutional right to a speedy trial but a framework

---

[2]This court approved the methods of dismissal herein in *Wilhelm v. Harvey,* 16 Wn. App. 802, 806–07, 559 P.2d 597 (1977), wherein we held

[I]n the absence of statutory proscription, a prosecutor may abort a justice court preliminary hearing at any time he chooses to do so. In this case, the stated reason for the dismissal by the district court was the prosecutor's election to take no further action in the justice court.

. . .

We hold that the district court had the inherent power to dismiss the probable cause hearing and clear its docket when the prosecuting attorney failed to take further action.

for the disposition of criminal proceedings. Thus, in numerous fact patterns the rule does not apply. *See, e.g., State v. Parmele,* 87 Wn.2d 139, 550 P.2d 536 (1976); *State v. Elizondo,* 85 Wn.2d 935, 540 P.2d 1370 (1975); *State v. LeRoy,* 84 Wn.2d 48, 523 P.2d 1185 (1974); *State v. Curry,* 14 Wn. App. 775, 545 P.2d 1214 (1976).

■ Therefore, appellants must shoulder the burdens of proof that have evolved specifically through discussion of the constitutional right to a speedy trial. The standards by which this fundamental right is measured are clear:

> (1) a delay of such length alone as to amount to a denial of the right to a speedy trial; (2) prejudice to the defense arising from the delay; (3) a purposeful delay designed by the state to oppress the defendant; or (4) long and undue imprisonment in jail awaiting trial.

*State v. Christensen,* 75 Wn.2d 678, 686, 453 P.2d 644 (1969); *State v. Brewer,* 73 Wn.2d 58, 436 P.2d 473 (1968). Delays such as occurred herein, standing alone, will not constitute a denial of a speedy trial. *State v. Christensen, supra; State v. Ruud,* 6 Wn. App. 57, 491 P.2d 1351 (1971); *see also Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). Rather, a showing of some prejudice to the accused must be proffered.

> Delay itself is not prejudicial unless the defendant demonstrates that, because of it, he has been deprived of specific evidence which has disappeared or become lost, or that witnesses who would otherwise have been available in defendant's behalf cannot be produced.

*State v. Christensen, supra* at 686; *see State v. Agtuca,* 12 Wn. App. 402, 529 P.2d 1159 (1974). Such a showing must be specific; mere speculation as to prejudice will not be countenanced. *State v. Christensen, supra; State v. Ruud, supra.*

Thus, if a delay in trial which is permissible within the framework of CrR 3.3 is to constitute a denial of the constitutional right to a speedy trial, accused must show a violation of constitutional standards beyond the delay itself. Appellants' failure to assert any prejudice or impairment of

their ability to defend themselves arising from their delays in trial compels us to affirm their convictions.

Affirmed.

CALLOW and ANDERSEN, JJ., concur.