[No. 45993. En Banc. September 13, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT EARL JOHNSON, *Petitioner.*

*John Ziegler* of *Seattle–King County Defender Association,* for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and *Thomas E. Kelly, Jr., Deputy,* for respondent.

WILLIAMS, J.—This case involves the question of whether a defendant's right to a speedy trial under a former version of CrR 3.3[1] was violated. Petitioner Johnson sought review of a decision of Division One of the Court of Appeals which affirmed his conviction of first–degree robbery in an unpublished opinion and held that Johnson's right to a speedy trial under CrR 3.3 had not been violated. This court accepted review, and we affirm the decision of the Court of Appeals.

---

[1]The relevant portions of the former CrR 3.3, in effect at the time of the events in question, read as follows:

"(a) **Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"(b) **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

"(c) **Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

". . .

"(g) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

This rule was amended on November 17, 1978.

On December 29, 1976, David Fernald met Johnson and his codefendant Young at a bar in Seattle. Fernald left the bar with Johnson and Young to accompany them to a party. Johnson and Young led Fernald to the hallway of an apartment house where Johnson and Young beat and robbed Fernald. Johnson and Young were arrested near the scene of the robbery shortly thereafter.

On December 30, 1976, Johnson and Young appeared in justice court pursuant to JCrR 2.03(a). Both were ordered held on investigation of robbery and assault with bail set at $3,500 each. Neither suspect was able to post bail.

On January 3, 1977, Johnson and Young appeared in district court and were "released" pursuant to JCrR 2.03(c)(2) as no charges were filed against either. Both remained in custody, however, as parole holds based on earlier convictions had been imposed on each suspect.

The record reveals a communication which took place on January 4, 1977, between Seattle police detective Gebo and Johnson's parole officer. After Johnson demanded release from the parole hold, Gebo advised the parole officer "of the actual circumstances," whereupon Johnson's parole officer "stated that he would continue the hold." On January 6, 1977, the parole hold was formalized when the parole officer served on Johnson a notice of parole violation which alleged that Johnson had forcibly robbed Fernald. Johnson was offered a speedy on–site parole revocation hearing, but he waived the hearing pending the outcome of the criminal trial. This waiver was apparently made for tactical purposes, since under the rule of *Standlee v. Rhay,* 403 F. Supp. 1247 (E.D. Wash. 1975), which was then in effect, the parole board would be collaterally estopped by a verdict in favor of defendant at his trial.[2]

---

[2]*Standlee v. Rhay,* 403 F. Supp. 1247 (E.D. Wash. 1975), superseded this court's decision in *Standlee v. Smith,* 83 Wn.2d 405, 518 P.2d 721 (1974), which held that collateral estoppel did not prohibit parole revocation based on the same factual circumstances that had resulted in an acquittal in a prior criminal hearing. *See Beckett v. Department of Social & Health Servs.,* 87 Wn.2d 184, 550 P.2d 529 (1976). In *Standlee v. Rhay, supra,* the United States District Court for the

On January 21, 1977, an information was filed charging Johnson with first–degree robbery. Johnson pleaded not guilty in Superior Court on January 24, 1977. Bail was set at $8,500 but Johnson did not post bail. His trial began on March 10, 1977.

At trial, Johnson argued that his right to a speedy trial under CrR 3.3(c) had been violated because the trial took place more than 60 days after the preliminary appearance in justice court. The trial court rejected this claim, and its ruling was affirmed on appeal by Division One of the Court of Appeals. In its unpublished opinion, the Court of Appeals did not consider the issue of whether the 60–day limit of CrR 3.3(c) or the 90–day limit of CrR 3.3(b) was appropriate. Rather, the court ruled that Johnson was not denied his right to a speedy trial under CrR 3.3(c) because he was brought to trial within 60 days after the preliminary appearance pursuant to *State v. Parmele,* 87 Wn.2d 139, 550 P.2d 536 (1976), and *State v. Watson,* 15 Wn. App. 629, 551 P.2d 133 (1976). Citing *Parmele* and *Watson,* the Court of Appeals ruled that Johnson was not "held to answer" for the offense of robbery during the period of the parole hold up until the time of the arraignment. Accordingly, the period of time which Johnson spent in custody under the parole hold was excluded from the pretrial period subject to the 60–day limit. Upon that reasoning, the Court of Appeals concluded that Johnson's right to a trial within the 60–day time limit of CrR 3.3(c) had not been violated.

---

Eastern District of Washington concluded that the parole board had deliberately acceded to the criminal prosecution. The finding of a petitioner's innocence at trial collaterally estopped the parole board from reaching an inconsistent adjudication of fact. Based upon the district court decision, Johnson chose to delay his hearing on the matter of parole revocation. It should be noted, however, that the district court decision in *Standlee v. Rhay, supra,* was reversed subsequent to Johnson's trial by the United States Court of Appeals for the Ninth Circuit in *Standlee v. Rhay,* 557 F.2d 1303 (9th Cir. 1977). The Ninth Circuit stated the rule as expressed in *Standlee v. Smith, supra,* that collateral estoppel does not bar a parole board from finding the accused guilty of violations after the accused has been acquitted on the same charges in a criminal trial.

Johnson sought review of that ruling and his petition for review was accepted by this court.

The two cases upon which the Court of Appeals rested its decision deserve discussion at this point. In *Parmele,* this court introduced the concept of being "held to answer" for the purpose of calculating the amount of time which had run on the time limits set forth in CrR 3.3. The defendant in *Parmele* appeard in district court subsequent to her arrest for delivery of a controlled substance and was released from district court provisionally with conditions on her release. The conditions were to expire on April 30 if no charges were filed on that date. Charges were not filed until the following August 8, and she was later brought to trial. Parmele contended before the trial court that her rights under the speedy trial rule had been violated due to the lengthy period of time which had elapsed between her district court appearance and the trial. Her argument was rejected and she appealed. This court held that the defendant was not "held to answer" during the period between the expiration of the release conditions and the filing of the information, since bond had been exonerated and she was under no restraint during that period. Accordingly, this period was not to be included for the purpose of computing the period within which the case had to be brought to trial.

The other case upon which the Court of Appeals relied is *State v. Watson, supra.* In *Watson,* a defendant arrested for suspicion of assault in the second degree made a preliminary appearance in justice court at which no charges were filed. The court issued a "Provisional Order of Release and Exoneration" which provided in part that defendant be released from jail 2 days later if no charges were filed by that time. No charges were filed prior to the jail release day set in the order, but Watson was not released at the time provided in the order because a parole hold was filed prior to the release date. The parole hold was filed in connection with a previous forgery conviction from which he was on parole at the time of the assault. Watson's parole was revoked, and he was not arraigned on the assault charge

until 3 months after the justice court release. Trial was held within 60 days of the arraignment. Watson moved to dismiss the charge based on the provisions of CrR 3.3. The motion was denied and defendant was convicted of assault in the third degree. Watson appealed. The Court of Appeals applied this court's holding in *Parmele* and reached the conclusion that Watson was not "held to answer" on the assault charge until the time of the arraignment, even though he was incarcerated due to both a parole hold and parole revocation in connection with his earlier forgery sentence.

Johnson requests this court to reverse his conviction on a number of alternative theories. He first urges that this court overrule its decision in *Parmele* and abandon the concept of the defendant not being "held to answer" as set forth in that case. Alternatively, if the rule of *Parmele* is retained, Johnson urges that the court distinguish *Parmele* on the facts and hold that Johnson was indeed "held to answer" during the entire period between the preliminary appearances and trial, including the period between the release from the district court and filing of the information. Johnson claims that the facts of this case are distinguishable from those of *Parmele* for two reasons: (1) during the period subsequent to the district court release but prior to the filing of the information, Johnson remained in jail due to a parole hold which was based on the precise conduct for which Johnson was subsequently charged; and (2) because this parole hold was allegedly maintained as a result of collusion between the prosecutor and Johnson's parole officer for the purpose of circumventing the speedy trial rule.

First, we reject Johnson's request that the decision in *Parmele* be overruled at this time. Defendant has presented no cogent reason to abandon at this time the rule set forth in that case. We therefore decline to overrule that decision and turn to Johnson's second argument.

Johnson contends that if the court should adhere to the ruling of *Parmele* which allows for the exclusion of time periods when a defendant is not "held to answer" for the

charge from the time limits in which a criminal case must be brought to trial, then the court should rule that this particular case was one in which the defendant was indeed "held to answer" for the entire period between the preliminary appearance in district court and trial. He claims that he was actually "held to answer" for the charge of robbery during the period of the parole hold because the parole hold was based upon the *precise conduct* for which he was subsequently charged.

■ Although the parole hold was *triggered* by the conduct for which Johnson was subsequently charged, the incarceration during the period of the parole hold was in fact based upon a prior valid conviction which was totally unrelated to the pending charges. As we noted in *Standlee v. Smith,* 83 Wn.2d 405, 407, 518 P.2d 721 (1974):

> Parole is revoked for violation of the terms and conditions of parole and as part of the continuing consequences of the crime for which parole was granted. Parole revocation is not punishment for the subsequent events which violate the parole and which may also constitute a separate crime.

(Citation omitted.)

We further note that Johnson had the opportunity to clear himself of the parole hold during which he claims he was held to answer for the offense. It is understandable that Johnson sought tactical advantage in waiving his on-site parole revocation hearing. Having done so, however, he cannot claim prejudice from his incarceration during the period of the parole hold for the purposes of the speedy trial rule.

We therefore conclude that during the period of the parole hold prior to Johnson's arraignment, he was not "held to answer" for the offense with which he was later charged and that his trial took place within the 60-day

limit imposed by CrR 3.3(c).[3] The Court of Appeals correctly applied the rule of *Watson* to this case. *See also Wilhelm v. Harvey,* 16 Wn. App. 802, 559 P.2d 597 (1977).

Johnson further urges that we distinguish the present case from *Parmele* on the ground that his parole hold was allegedly maintained as a result of collusion between the prosecutor and Johnson's parole officer for the purpose of circumventing the speedy trial rule. This contention raises the serious question of whether the police and parole officer engaged in concerted conduct which served to defeat "the manifest policy expressed in the rules, to discourage prosecutorial delays which are not approved by the court, . . ." *State v. Striker,* 87 Wn.2d 870, 877, 557 P.2d 847 (1976). A similar claim was raised before the Court of Appeals in *Wilhelm v. Harvey, supra.* That court, however, did not reach the issue because the record did not reveal collusive action by the police and the parole officer.

Similarly, in this case we find that the record does not support Johnson's claim of collusion. Indeed, the record reflects an exchange of information by the police and parole officer, but we note the trial court's statement to the effect that there was nothing in the record to show "a concerted action between the police, the prosecutor and the parole officers to take the defendants into custody and delay bringing them to trial." We therefore find Johnson's contention to be factually unsupported. We strongly advise, however, that this court will not tolerate the circumvention

---

[3]The State contends that the correct time limit to apply in this case is the 90-day limit as opposed to the 60-day limit. *See* CrR 3.3, which generally imposes a 90-day limit, but requires that the case be brought to trial within 60 days only if the defendant is "unable to obtain pretrial release." The State argues that according to case law interpreting this provision, Johnson is not "unable to obtain pretrial release" for the purpose of triggering the application of the 60-day limit. *See State v. Keith,* 86 Wn.2d 229, 543 P.2d 235 (1975); *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975); *State v. Christianson,* 17 Wn. App. 264, 562 P.2d 671 (1977); *Wilelm v. Harvey,* 16 Wn. App. 802, 559 P.2d 597 (1977). It is clear that if the 90-day rule were held to apply, Johnson's speedy trial right was not

of the criminal rules by collusive action between representatives of the State which results in prejudice to a defendant.

The decision of the Court of Appeals is affirmed.

UTTER, C.J., ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., and CUNNINGHAM, J. Pro Tem., concur.

Reconsideration denied December 12, 1979.

violated. We do not rule on the issue of which time limit to apply, since we conclude that Johnson's speedy trial right was not violated even if the stricter 60-day limit is applied.