[No. 10281–8–I.   Division One.   July 16, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. KAYE M. WAUGH, *Appellant.*

576

*Nancy Talner* of *Washington Appellate Defender Association,* for appellant.

*Russ Juckett, Prosecuting Attorney,* and *Theresa Schrempp, Deputy,* for respondent.

CALLOW, J.—Kaye M. Waugh appeals from a conviction of possessing a controlled substance on the premises of a state correctional institution. *See* RCW 9.94.045. On appeal, she argues that the charges should have been dismissed because she was not tried within 100 days of her "arrest," as required by the speedy trial rule, CrR 3.3(b) (amended August 1, 1980). The conviction is affirmed.

On March 20, 1980, the defendant went to visit her husband at the state reformatory in Monroe. The officer posted in the visiting area noticed the defendant acting suspiciously. The defendant gave written consent to being searched and then produced four balloons from her knee–high socks. The balloons contained 6.5 grams of marijuana. The officer called a supervisor, who escorted the defendant to a conference room to await the arrival of Snohomish County detectives. The court found that, at this point, "the defendant was detained and not free to leave the premises." The detectives arrived about 45 minutes later, seized the evidence, and briefly interviewed the defendant, who was then released. The court concluded that the defendant was

not "held to answer for a specific criminal charge" and was not under arrest during her brief detention.

On July 2, 1980, 104 days later, the defendant was charged by information filed in superior court. A bench warrant was issued on July 21, 1980, when the defendant failed to appear for arraignment on July 17. She was arraigned on February 6, 1981 and tried on April 13, 1981.

The speedy trial rule in effect between November 17, 1978 and August 1, 1980 required that a defendant be tried within 100 days of arrest if the charges were initially filed in superior court and the defendant was not in custody. CrR 3.3(b) (amended August 1, 1980). The defendant argues that her brief detention at the reformatory on March 20, 1980 constituted an "arrest," which triggered the running of the speedy trial time limit.

■ An arrest that triggers the running of the time for a speedy trial must be distinguished from an arrest or seizure under the Fourth Amendment. *State v. Champion,* 28 Wn. App. 281, 288, 622 P.2d 905 (1981), held that "arrest" in former CrR 3.3(b) has its traditional criminal law meaning: "The condition of being held to answer for a specific criminal charge." *Champion* rejected the definition of arrest given in *State v. Byers,* 88 Wn.2d 1, 6, 559 P.2d 1334 (1977), a Fourth Amendment case, where the court stated that the defendants "were under arrest from the moment they were not, and knew they were not, free to go."

*State v. McIntyre,* 92 Wn.2d 620, 623, 600 P.2d 1009 (1979), a speedy trial case, approved the *Byers* definition of arrest in interpreting the meaning of arrest in former CrR 3.3(b).

> It was stipulated and was found by the trial court that the December 5, 1978, incident was an "arrest", as the term is defined in *State v. Byers,* 88 Wn.2d 1, 559 P.2d 1334 (1977).
>
> "Arrest" has been defined in *State v. Byers, supra* at 6, as follows: "Appellants were under arrest from the moment they were not, and knew they were not, free to go."

*Champion* distinguished both *Byers* and *McIntyre*. First, the *Byers* definition of arrest is an incomplete statement of Fourth Amendment law. A person may be "not free to go" without being under arrest. *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), held that a person may be detained temporarily, *i.e.,* not free to go, if an officer has a reasonable suspicion that the person is involved in criminal conduct. The officer need not have probable cause to arrest before detaining a person temporarily. Second, *Byers* presented a Fourth Amendment, not a speedy trial, question. Properly framed, the issue in *Byers,* according to *Champion,* was whether the defendants had been "seized" without probable cause, not whether they had been "arrested" without probable cause. *Champion,* at 285. Third, the use of the *Byers* definition in *McIntyre* was merely dicta because the parties had stipulated to the date of arrest. Moreover, the detention of the defendant in *McIntyre* "had many of the earmarks of an arrest in the traditional criminal law sense." *Champion,* at 287. Thus, *Champion* concluded: "We are convinced . . . that the *McIntyre* opinion does not foreclose our reexamination of the issue of the meaning of the term 'arrest' in former CrR 3.3(b)(1)(b)." *Champion,* at 287.

The defendant in the present case was not "arrested" until she was picked up on the bench warrant. Before that time, she had not been "held to answer for a specific criminal charge." *See Champion,* at 288. Trial on April 13, 1981 was within 90 days of the defendant's arrest.

This result is consistent with decisions under the version of the speedy trial rule in effect between May 21, 1976 and November 17, 1978. *But see McIntyre,* at 623. That rule required a defendant to be brought to trial within 90 days of the "preliminary appearance." CrR 3.3(b) (amended November 17, 1978). The defendant in *State v. Watson,* 15 Wn. App. 629, 551 P.2d 133 (1976), for example, was arrested, booked into jail, and *appeared in justice court.* He was "released" when no charges were filed by a specific date. (The defendant, however, remained in jail under a

parole violation detainer.) The time for a speedy trial did not begin to run until the defendant was arraigned several months later. The court held that

> [a] person's appearance in [justice] court *prior to being charged* does not constitute a "preliminary appearance" for the purpose of commencing the running of the timely trial limits of CrR 3.3, *unless that person was being held to answer for the offense in question* at the time of such appearance.

(Italics ours.) *Watson,* at 631. Similarly, under the version of the speedy trial rule at issue in this case, a person is not "arrested" until he is *held to answer for a specific criminal charge,* although he may have been previously arrested as that term is defined in *Byers.*

The trial court properly denied the defendant's motion to dismiss. The judgment is affirmed.

JAMES and SWANSON, JJ., concur.

Reconsideration denied October 12, 1982.

Review denied by Supreme Court January 7, 1983.